PARE *vs.* MAHONE.

1. A proceeding by a creditor to collect his debt by attachment, does not make the debt a statutory liability.
2. The defendant, who was one of several makers to a promissory note, and who resided out of the State at the time the note was made, and has continued to reside out of the State since that time, is not within the exception of the statute of limitation of 8th December, 1806, the exception being, "when the defendant shall remove out of the jurisdictional limits of this State, that then such persons (entitled to bring such action) shall be at liberty to bring the same action, so as they take the same within such time as before is limited, after the return of the defendant into the same."

Complaint, in Taylor Superior Court.   Tried before Judge WORRILL, at the October Term, 1860.

The record in this case presents but one question, which arose out of the following state of facts, to-wit:

On the 19th day of May, 1838, Edward F. Mahone, Henry D. Evans, and John Evans, executed a promissory note, of which the following is a copy, to-wit:

"$885 00.   By the 25th day of December next, I promise to pay Levi Turner, or bearer, eight hundred and eighty-five dollars, for value received, this 19th May, 1838.

"EDWARD F. MAHONE,
"H. D. EVANS,
"JOHN EVANS."

On the 8th day of November, 1842, an action was instituted on said note, in Talbot Inferior Court, in favor of Levi

Turner, the payee, against Henry D. Evans and Charles Evans, as executors of John Evans, deceased, in which final judgment was rendered in favor of the plaintiff, for the principal and interest due on the note, with costs of suit, at the September Term, 1843.

On the 14th day of September, 1858, an attachment predicated on said note, was sued out, in favor of Jacob Pare, against Edward F. Mahone, which attachment was made returnable to the October Term of the Superior Court of said county of Taylor, and levied on lot of land No. 242, in the 13th district of originally Muscogee, then Taylor county.

At the term of the Court to which the attachment was made returnable, the plaintiff filed a declaration on said note, and Mahone pleaded the statute of limitations.

On the trial of the case, in addition to the foregoing facts, it appeared in evidence, that Edward F. Mahone, at the time of making said note, resided in Macon county, State of Alabama, and had resided there ever since that time, although said note was made in the State of Georgia.

Upon this testimony, the presiding Judge charged the jury, "that the plaintiff's right of action was barred by the statute of limitations, and that they should find for the defendant."

The jury found for the defendant, and a reversal of the judgment is asked, on the ground of alleged error in the charge of the Court.

JAMES T. MAY, for plaintiff in error.

GRICE & WALLACE, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

It is claimed by counsel for the plaintiff in error, that the statute of limitations of this State does not bar this suit for two reasons:

1. That this is a statutory liability.

2. That, as the defendant was not a citizen of the State when the debt was created, and has constantly resided out of

the State since that time, the case is an exception to the statute, and within this provision of the 2d section of the Act of 8th of December, 1806: "*when the defendant shall remove out of the jurisdictional limits of this State,* that then such persons [entitled to bring such action] shall be at liberty to bring the same action, so they take the same within such time as before is limited, after the return of the defendant into the same."

There is nothing in the first position. The debt, which is the foundation of this proceeding, is not a statutory liability, but a simple contract debt. Counsel in the argument seemed to be impressed with the opinion, that because his proceeding to enforce the debt was by attachment, being a remedy specially created by statute, that, therefore, the debt was a statutory liability. In this we differ from the counsel. The remedy for the enforcement of a debt, whether given by statute or existing at common law, does not alter, change, or affect the character of the liability; that remains as it was originally created, no matter what form of proceeding the creditor adopts to enforce its collection. A statutory liability is one that depends for its existence and creation upon the special enactment of a statute, and not upon the contract of the parties.

3. Then, is the case within the exception of the Act of 1806—*Cobb*, 565—as claimed by counsel in his second position? We hold that it is not. The words of the exception are, "*When the defendant shall remove out of the jurisdictional limits of this State.*" Clearly, the case is not within the words of the act, for the defendant has not removed out of the State. He has never been a citizen of the State since the creation of the debt; was not at that time: was then, and has been ever since, a resident of the State of Alabama. To fall within the words of the act, the defendant must have been a citizen of the State at the time of the accrual of the debt, or after and subsequently to have removed out. Neither is the case within the spirit of the exception, nor is there any reason why the exception should be extended by construction beyond the plain import of the words of the act:

for at the time of the contract, as the defendant then resided in the State of Alabama, it could not have been at that time within the contemplation of the parties that the contract should be enforced as against the defendant by the Courts of Georgia. But if the case was within the reason and spirit of the act, the Courts have no power, by judicial construction, to extend the exception beyond the plain import of the words of the statute. Statutes of limitation must be construed strictly, and a construction derived from a consideration of the reason and spirit of the statute should never be resorted to but when the expressions are so ambiguous as to render such mode of interpretation unavoidable.—*Ang. on Lim.*, 20, 22. It is not for the Court to extend the law to all cases coming within the reason of it, so long as these are not within the letter. General words of a statute, it is considered, must receive a general construction, and unless there can be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or entrenchment. *Ang. on Lim.*, 205 ; *Sacia vs. DeGraff.*, 1 *Con.*, 356.

Counsel for plaintiff in error referred to, and relied on various adjudications of different State Courts, on exceptions in their several statutes of limitation, which he claims to be in point, and authorities in support of his position. We can not agree with the counsel. The exceptions in the several statutes on which these decisions were predicated, in every instance were altogether different, and not at all analogous to the words of our act. Take, for example, that of Alabama, "If any person, against whom there is or shall be any cause of action, as is specified in the preceding section of this act, is or are, or shall be, out of this State at the time of the cause of action accruing." In the Mississippi Act, the words of the exception are exactly the same as that of the Alabama Act. In Massachusetts, the words are, "If, at the time when any cause of action mentioned in this chapter shall accrue against any one, *he shall be out of the State.*" In Missouri, "If, at the time when any cause of action specified in this article accrues against any person, *he shall be out of the State.*" In Vermont, "If, at the time when any cause of action of a

personal nature, mentioned in this chapter, shall accrue against any person, *he shall be out of the State.*" In New Hampshire, "If the defendant, at the time the cause of action accrued or afterwards, was absent from, or residing out of, the State." And so was the exception, substantially, in every State from which a decision was referred to. The construction put by the Courts of those States upon their Acts, can not aid this Court in the interpretation of the act before us, for there is no similarity in the words and provisions of the exceptions.

Judgment affirmed.