## THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. JOHN KING.

LIMITATION OF ACTION; *Code Construed.*   The words "an action for injury to the rights of another, not arising on contract," in subdivision 3 of § 18 of the code of civil procedure, limit and qualify the provision in subdivision 2 of said § 18, giving three years in which to commence an action "upon a liability created by statute," and therefore the two-years limitation for commencing an action, found in said subdivision 3 of said § 18, applies to all actions brought by an employé to recover damages from a railroad company on account of the negligence of a coëmployé, whether the personal injury resulted from the negligence of the master under the rule of the common law, or from the negligence of the coëmployé, without the fault of the master.

### *Error from McPherson District Court.*

AT the April Term, 1883, plaintiff *King* recovered a judgment against the defendant *Railroad Company* for $7,500 and costs.   This judgment the defendant brings here for review. The opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *W. C. Campbell,* for plaintiff in error.

*Barker & Pancoast,* and *Frank G. White,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On May 13, 1881, King brought his action against the Atchison, Topeka & Santa Fé railroad company for injuries sustained by him in consequence of the negligence of the company's agents, and by the mismanagement of other employés of the company, while he was attending to his duties as an employé of the company with other section hands, in handling, removing and changing the location of iron rails used by the company in the construction of the track of its road. A general demurrer was filed to the petition, which, upon argument, was sustained at the October term of the court for the year 1881. King was granted leave to file an amended petition. This was filed November 17, 1881. A general demurrer was filed to this amended petition, which demurrer was sustained at the April term of the court for the year 1882. Thereupon King was given leave to file another amended petition. On July 29, 1882, the second amended petition was filed. To this petition another general demurrer was filed, which demurrer, at the October term of the court for 1882, was overruled. The company excepted. On December 20, 1882, the company filed an answer, alleging, among other things, that the injuries complained of by King in his petition did not occur to him within two years preceding the commencement of his action. Trial had at the April term for 1883. Judgment was rendered for King. The company objected to the introduction of any testimony under the petition, and also demurred to the evidence offered in support thereof, upon the ground that the cause of action therein stated was barred by the statute of limitations when it was commenced. Therefore the first question to be disposed of in the case is, whether the action was barred on the 13th day of May, 1881, the date the petition was filed. The second and third subdivisions of §18 of the code read as follows:

"*Second.* Within three years: An action upon contract, not

in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty.

"*Third.* Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; *an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated;* an action for relief on the ground of fraud — the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

On the part of King it is contended that the action is founded on §1, ch. 93, Laws of 1874, (§ 29, ch. 84, Comp. Laws of 1879;) and as the action is not maintainable at common law, it is based upon a liability created by statute, and therefore the three-years statute of limitations applies.

On the part of the railroad company it is insisted that the action was barred by the third subdivision of said §18 of the code. In support of this view, counsel urge that the language, "injury to the rights of another, not arising on contract, and not hereinafter enumerated," defines a class of injuries, and carves such class out of the general rule given in the second clause; that the injury complained of by King is clearly one to his rights, not arising on contract, and not contained in any of the enumerated exceptions to the third subdivision of the section under consideration; that the only exception made by the statute is of the cases "hereinafter enumerated;" that if the legislature had intended the rule should be subject to any case provided for in any previous section or subdivision, it would have expressed such intention.

We think these latter views expressed by counsel are in the main correct. It is conceded that if King had been injured by a coëmployé, and the company had failed to exercise due care and diligence in employing or retaining such coëmployé, the two-years statute of limitations would apply.

Again, under §422 of the code, which provides for an action for damages by the personal representative of one killed by the negligence of another, the time for bringing the

action is limited to two years. The statute should be construed, if possible, to harmonize its various provisions, and give reasonable effect to all; and in reconciling conflicting clauses, force should be given to those clauses which would make the statute in harmony with other legislation on the same subject. As was said in *Piller v. Railroad Company,* 52 Cal. 45, "It is hardly to be believed that it was intended that a longer time should be given when the person injured was not killed."

The liability of the railroad company for the injury complained of accrued when the accident occurred; and by construing the words "an action for injury to the rights of another, not arising on contract," as qualifying and limiting subdivision 2 of said § 18, we give full force to the terms of subdivision 3, and leave the concluding clause of said subdivision to operate in other matters. We follow the true rule of construction, and make the various provisions of the statute of limitations harmonize for the commencement of a cause of action for a personal injury resulting from the negligence of the master, and for one resulting from the negligence of a coëmployé in the service of a railroad company without the fault of the master, and also for a cause of action by the representative of the injured party, when the injury results fatally.

The trial court erred in overruling the demurrer to the petition; erred in admitting testimony against the objections presented; and erred in not sustaining the demurrer to the evidence.

The judgment of the court below must therefore be reversed, and the cause remanded with direction to sustain the demurrer to the petition, and enter judgment for the railroad company.

All the Justices concurring.