PETER W. JURY, *Appellee*, v. M. J. ADAMS *et al.,*
*Appellants.*

No. 16,635.

J. C. MERCER, *Appellee*, v. M. J. ADAMS *et al.,*
*Appellants.*

No. 16,636.

OFFICE AND OFFICERS—*Veterans' Preference Law—Good Faith of Appointing Power.* A judgment of the district court commanding the members of a city council to vote for the confirmation of an old soldier appointed to office by the mayor affirmed on the ground that the evidence supported a finding that their refusal to do so was in bad faith and for the purpose of evading the statute.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 6, 1909. Affirmed.

*F. J. Oyler,* for the appellants.

*G. H. Lamb,* and *A. F. Florence,* for the appellees.

*Per Curiam:* This is an action under the old soldiers' preference law. (Laws 1907, ch. 374, § 1.) In the city of La Harpe, J. C. Mercer made application to the

mayor to be appointed city clerk and P. W. Jury made application to be appointed street commissioner. The mayor, after examination, found them competent and entitled to preference under the law, appointed each of them for the position applied for, and presented their names to the city council for confirmation. The city council unanimously refused to concur with the mayor in the appointments. The veterans then applied to the district court of Allen county for a writ of mandamus to compel the councilmen to confirm the appointments made by the mayor. A trial was had in the district court, before the court without a jury. The questions being the same in each case, they were submitted together.

The veterans contended that the members of the city council arbitrarily, in bad faith, and with the design of evading and violating the law, refused to confirm the action of the mayor. Upon the trial a full hearing was had as to the competency and qualifications of the applicants, and each of the councilmen testified fully as to the examination made to ascertain the competency of the applicants and the reasons for his action in refusing to concur with the mayor. The court found in favor of the applicants and issued a peremptory writ of mandamus commanding the council to convene immediately as councilmen of the city of La Harpe and consent to the appointments of the applicants as made by the mayor. The councilmen bring the case here for review.

The district court, having found from the evidence that the members of the city council acted in bad faith and for the purpose of evading the law, was justified in awarding the writ. While it is not the duty of this court to review and weigh the evidence, we have examined it enough to feel that the evidence of the councilmen themselves abundantly sustains the court in its conclusion.

The judgment of the district court is affirmed.