A. W. PRETZEL, *Appellant*, v. A. C. FISS *et al.,*
*Appellees.*

No. 17,031.

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Action on Guardian's Bond.* A person
who had been adjudged of unsound mind and later restored,
sued his former guardian and his sureties on the guardian's
bond for refusal to account, and for damages for the wrongful
conversion of certain personal property alleged to have been
in his hands as guardian belonging to the ward. The trial
court rendered judgment for the defendants on the ground
that the action became barred in three years. *Held,* that
whether the action was barred by the two-year or by the three-
year statute of limitations, no material error was committed.

Appeal from Atchison district court. Opinion filed
May 6, 1911. Affirmed.

*Patrick Hayes,* and *Henry C. Solomon,* for the appel-
lant.

*Charles J. Conlon,* and *B. P. Waggener,* for the ap-
pellees.

The opinion of the court was delivered by

WEST, J.: A. C. Fiss, one of the defendants, was on
June 11, 1903, appointed guardian of the plaintiff,
Pretzel, who had been found of unsound mind. Oc-
tober 27, 1903, Pretzel was by the probate court ad-
judged restored and Fiss was ordered removed and
directed to make settlement of his account as guardian,
which he claims to have done, apparently in October,
1903. July 13, 1907, Pretzel sued Fiss and the sureties
on his bond for $4744.45, the value of the property al-
leged to have been unaccounted for and to have been
wrongfully converted. The case was referred, and upon
consideration of the final report the trial court entered
judgment for Fiss, holding the action barred by the
three-year statute of limitations.

Pretzel v. Fiss.

It is insisted by the plaintiff that this is an action on the bond and should be barred only when five years had elapsed from the time the cause of action accrued. The statute is as follows:

"Second.—Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty.

"Third.—Within two years: . . . An action for taking, detaining or injuring personal property. . . . An action for injury to the rights of another, not arising on contract, and not hereinafter enumerated.

"Fifth.—An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking g'ven in attachment, injunction, arrest, or in any case whatever required by statute, can only be brought within five years after the cause of action shall have accrued." (Civ. Code, § 17.)

It is urged that the fifth clause only applies and that decisions holding the prior clauses applicable can and should be distinguished from the case at bar for the reason that here a common-law right to sue existed and that neither the right nor the liability was created by statute. But sections 3949, 3978, 3981, and other sections of article 1 of chapter 60 of the General Statutes of 1901 (Gen. Stat. 1868, ch. 60, §§ 9, 38, 41 *et al.*), in force during the time covered by the guardianship, and ections 4824, 4844, 4845, and other sections of chapter 2 of the General Statutes of 1909 (Laws 1907, ch. 247, §§ 6, 26, 27 *et al.*), in force when the action was brought, indicate that the entire matter of the guardianship is statutory.

In *Ryus v. Gruble,* 31 Kan. 767, it was held that an action on a sheriff's bond to recover for a breach arising out of a levy under a void execution was barred within two years, being an action for "taking, detaining or injuring personal property." (Civ. Code, § 17, subdiv. 3.) Answering the argument that it was an action

46—84 KAN.

upon an official bond the court said that the wrong committed by the sheriff furnished the real and substantial foundation for the cause of action, and hence the two-year statute was applicable even though it were in form an action upon the bond.

"The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts; and while the statute cited by plaintiff operates to bar every action brought upon the bond to enforce a cause of action which accrued more than five years prior to the commencement of the action, yet such statute does not operate to suspend the operation of the other statutes of limitations, or to continue in force or revive a cause of action which had already been barred by some one of the other statutes of limitations. Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing, must necessarily cease to exist." (p. 770.)

(To the same effect are *Comm'rs of Graham Co. v. Van Slyck*, 52 Kan. 622, an action upon the official bond of a county clerk to recover fees not accounted for; *Provident Loan Trust Co. v. Wolcott*, 5 Kan. App. 473, an action on an abstracter's bond; *Cloud County v. Hostetler*, 6 Kan. App. 286, an action upon the official bond of a clerk of the district court; *Davis v. Clark*, 58 Kan. 454, an action on an administrator's bond; and *Hawk v. Sayler*, 83 Kan. 775, an action for a balance claimed to be due from a guardian to his ward.)

Counsel suggest that this ruling renders the fifth clause of the statute meaningless, and ask what combination of circumstances will provide a case for its operation. This is a question we are not now called upon to answer, for the reason that the settled doctrine in this state and the rule of *stare decisis* preclude the application of the fifth clause to this case.

It is also argued that plaintiff had a right of action upon a common-law liability—a liability not created by statute. But the statute provides for the appointment

Pretzel v. Fiss.

of the guardian, prescribes the bond, the duties of the guardian and the manner of their performance, and expressly requires that upon discharge of the ward from custody "the guardian shall immediately settle his accounts, and restore to such person all things remaining in his hands belonging or appertaining to. him." (Laws 1907, ch. 247, § 27, Gen. Stat. 1909, § 4845.) If he fails to do this it may be said (without deciding the point) that his liability for such failure might with some degree of accuracy be called a liability created by statute, for the statute furnishes the conditions, and creates the duty, neglect of which creates the cause of action, so that but for the statute the conditions could not arise and the duty could not be required. A liability created by statute means "a liability which would not exist but for the statute." (*Hawkins v. Furnace Co.,* 40 Ohio St. 507, 515.) But if the plaintiff had a common-law right of action when would it be barred? The petition on which the case was tried alleged not only a refusal to account, but a conversion of the property therein described, and that plaintiff "has suffered damages by reason of such wrongful conversion of the said property in the sum of $4744.45," and prayed judgment for that sum. Therefore, if it be an action for an injury to the rights of another, not arising on contract, it was barred in two instead of three years. (Civ. Code, § 17, subdiv. 3; *Ryus v. Gruble,* 31 Kan. 767; *Hunt v. Jetmore,* 9 Kan. App. 333.) Certainly the trial court committed no material error in holding the action barred, for barred it must have been, either under the two-year or under the three-year statute.

The judgment is, therefore, affirmed.