## DAVIDSON v. PAYNE, Director General of Railroads, et al.

(District Court, D. Kansas, First Division. April 20, 1922.)

No. 2232.

Limitation of actions ⬤⟿30—Action under Kansas Workmen's Compensation Law barred in two years; "injury to rights of another not arising on contract."

An action under Kansas Workmen's Compensation Law, for injury to an employee is one "for injury to the rights of another not arising on contract," within the two-year statute of limitation provided for in Gen. St. Kan. 1915, § 6907, subd. 3. (Code Civ. Proc. § 17), and is not one arising on contract, nor one given by the statute, within the three-year statute of limitations provided for in subdivision 2.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Injury.]

At Law. Action by Benjamin P. Davidson against John Barton Payne, Director General of Railroads, and others. On demurrer to amended petition. Demurrer sustained.

J. H. Brady, of Kansas City, Kan. (Arthur J. Mellott, of Kansas City, Kan., on the brief), for plaintiff.

R. W. Blair, T. M. Lillard, and O. B. Eidson, all of Topeka, Kan. (A. L. Berger, of Kansas City, Kan., on the brief), for defendants.

POLLOCK, District Judge. This is a suit brought under the Workmen's Compensation Law of this state. Laws 1911, c. 218, as amended by Laws 1913, c. 216. As shown by the amended petition, the accidental injury for which plaintiff claims compensation happened to him December 5, 1918, while engaged as a car repairer in the employ of defendant. This suit was not instituted until April 20, 1921, more than two years, but not three years, after the injury was done. Defendant demurs.

The question presented is: Does the two-year or the three-year statute of limitations of this state apply to suits or actions instituted under the Compensation Law of the state? A reading of the act itself discloses there is fixed no limitation of suits or actions brought thereunder; hence the provisions of the general statutes of limitations of the state must apply. In so far, counsel for the respective parties agree.

It is the contention of defendant in support of the demurrer that subdivision 3 of section 6907, General Statutes Kansas 1915 (Code Civ. Proc. § 17), is applicable. It reads:

"Third—Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

On the contrary, plaintiff contends subdivision 2 of the statute is applicable, which provides as follows:

"Second—Within three years: An action upon contract, not in writing, expressed or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

In other words, defendant contends a suit or action under the statute is one brought "to recover for an injury to the rights of another not arising on contract, and not hereinafter enumerated"; whereas, the plaintiff makes the double contention: First, that liability under the Compensation Act in question is one created by statute; second, that the liability created by the Compensation Act is in its essential nature contractual. Of these contentions it may be said:

There can be no question but that any suit or action for recovery for the death of another did not exist at the common law, but arises only by reason of statute law. The limitation thereon imposed by the statute of this state is two years. The Compensation Act in question, in section 37, provides as follows:

"The cause of action shall be deemed in every case, including a case where death results from the injury to have accrued to the injured workman at the time of the accident; and the time limited in which to commence an action for compensation therefor shall run as against him, his legal representatives and dependents from that date."

From this it follows, if the contention of plaintiff be true, and the limitation imposed on this suit be three years, had the plaintiff died as a result of his injury, only the two-year statute would be applicable. Again, at the common law there could be no recovery for an injury received through the neglect of a fellow servant. However, when the Legislature of this state by statute abrogated this fellow servant rule as to those engaged in the business of operating railways, and it was contended the liability of a railroad company for damages sustained through the negligence of a fellow servant, as such liability did not before exist, was a right of action created by statute, this contention was denied by the Supreme Court of the state in the case of Railroad Co. v. King, 31 Kan. 708, 3 Pac. 565, and it was there held, although the common law prior to the enactment of the fellow servant rule would have denied a recovery, yet the right of action arose out of an injury done to the rights of another, and the two-year statute of limitation applied. While it is true the power exerted by the Legislature in the enactment of the Compensation Law resides in the paternalism of the state, yet the ground on which compensation is allowed is that of an injury done to the right of an employee to possess, use, and enjoy his full and complete physical and mental faculties in the pursuit of life, liberty, and happiness, unimpaired by any injury received through accidents or negligence while working in the course of his employment. I am therefore of the opinion the basic principle on which the Compensation Act in question is based is that of an injury to the rights of another, as provided in subdivision 3 of section 6907, General Statutes, above quoted.

281 F.—35

The only other question is: Does such ground of suit or action rest upon or arise out of any contract between the parties? The law-making power of the state enacted the Compensation Act through the exertion of its power to so do. True, that act leaves the employer the right of either accepting or rejecting its terms. If its terms be expressly accepted, then the provisions of the act become exclusive between the injured employee and his employer. Again, if its provisions are neither expressly accepted nor rejected by the employer, the provisions of the act by force of the law itself become exclusive. Such is this case: It is only in case the employer expressly refuses to be not bound by the provisions of the act that the law becomes inoperative between the employer and his injured employee. However, such right of acceptance or rejection of the provisions of the act are not alone the free and voluntary will of the employer, but are done under the penalty of leaving the rights of defense existing at the common law to the employer in case of an action by an injured employee for personal injury caused by negligence, or an injury resulting in the death of the employee through negligence or other wrongful act, cut off and destroyed.

As has been stated, the enactment of laws by the sovereign, imposing a liability or creating a duty resting upon the citizen, is exertion of the power of force or coercion. Contracts, to be binding, must be mutual and voluntarily made between the parties. All contracts procured to be made through threats, duress, coercion, or force are invalid and nonenforceable in law. Hence the express provisions of the Compensation Act involved herein negative the contention made by plaintiff that his right of action under the Compensation Act rests upon contract. The statute of limitations of this state is a statute of repose. Hence it follows this suit or action based on the Compensation Law of the state was not timely brought, and was barred by the statute when brought.

The demurrer to the amended petition must be sustained. It is so ordered.