No. 24,857.

JAMES B. HOLLINGER et al., *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DICKINSON, *Appellee*.

SYLLABUS BY THE COURT.

LIMITATION OF ACTION—*Action Created by Statute—Three Years in Which to Commence Action.* Under the statute providing that "an action upon a liability created by statute, other than a forfeiture or penalty" can only be brought within three years, and "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated," only within two, an action against a county based on injuries due to a defective bridge falls within the former classification—it is one upon a liability created by statute and the period of limitation applicable to it is three years. So far as the language of the opinion in *A. T. & S. F. Rld. Co. v. King,* 31 Kan. 708, 3 Pac. 565, is inconsistent with this conclusion it is disapproved.

Hollinger v. Dickinson County.

Appeal from Dickinson district court; Cassius M. Clark, judge. Opinion filed January 12, 1924. Reversed.

*James V. Humphrey,* and *Arthur S. Humphrey,* both of Junction City, for the appellant.

*Paul H. Royer,* county attorney, and *S. S. Smith,* of Abilene, for the appellee.

The opinion of the court was delivered by

Mason, J.: On July 5, 1922, the plaintiffs brought this action against Dickinson county, claiming damages because of a traction engine belonging to them having been injured by the collapse of a bridge on May 17, 1920. A demurrer to the petition was sustained upon the ground that the action was barred by the two-year statute of limitation, and the plaintiffs appeal.

The question involved is whether the period of limitation to be applied is three years, on the ground that the action is one "upon a liability created by statute, other than a forfeiture or penalty" (Civ. Code, § 17, subdiv. 2; R. S. 60-306, subdiv. 2) or two years, on the ground that it is "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated" (same, subdiv. 3).

The trial court adopted the latter theory, obviously in reliance upon language used in the opinion in *A. T. & S. F. Rld. Co. v. King,* 31 Kan. 708, 3 Pac. 565, which is broad enough to support it. There a section hand sued a railroad company for injuries due to the negligence of a fellow employee. The fellow-servant rule would have prevented a recovery except for the statute making a railroad "liable for all damages done to any employee  .  .  .  by any mismanagement of its  .  .  .  other employees," thus withdrawing railroads from its operation. (Laws 1874, ch. 93, § 1; Gen. Stat. 1915, § 8477; R. S. 66-235; *K. P. Rly. Co. v. Peavey,* 29 Kan. 169, 175.) The action was held to be barred by the two-year statute under the clause above quoted. It was argued on behalf of the railroad company, and the court said the views so expressed were "in the main correct," that "the language 'injury to the rights of another, not arising on contract, and not hereinafter enumerated,' defines a class of injuries, and carves such class out of the general rule given in the second clause"—that is, the clause allowing three years in which to bring an action "upon a liability created by statute, other than a forfeiture or penalty." If all

Hollinger v. Dickinson County.

actions which are brought "for injury to the rights of another, not arising on contract" are withdrawn from the class described as based upon a "liability created by statute, other than a forfeiture or penalty," it would seem that there would be nothing left, and this portion of the three-year provision would have no field of operation; for every cause of action involves a right of the plaintiff, a duty of the defendant, and a "delict or wrong done by the defendant which consisted in a breach of such primary right and duty." (Pomeroy on Remedies and Remedial Rights, 2d ed., § 453.) Possibly what . was intended by the language above quoted from the opinion in the King case was that the two-year provision withdrew from the operation of the three-year clause actions for injury to another's pre-existing rights, the remedy for which was affected by the statute, and which did not arise on contract. Perhaps the decision might better have been justified upon the theory that the statute merely effected a procedural change, eliminating a defense to which the plaintiff's claim for injuries due to the defendant's negligence would otherwise have been open. It has been held that the invoking of a statutory provisional remedy by the plaintiff does not make the action one upon a liability created by statute (*Pare v. Mahone,* 32 Ga. 253), and that an action upon a life insurance policy which the insurer had canceled in accordance with its terms, but which was still valid because of a statute forbidding a forfeiture under the existing conditions, was one upon the policy as extended by the statute—upon "a writing . . . for the payment of money" and not one upon a liability "created by a statute" as those terms were used in the statute of limitations. (*Liebing v. Insurance Co.,* 269 Mo. 509.)

Under statutory provisions similar to our own the same result has been reached as in the King case, upon the ground, however, that the right of a railroad worker to recover for an injury caused by the negligence of a fellow employee was not *created* by the statute abolishing the fellow-servant rule in such cases, but that the statute merely carried forward an existing right and removed a defense which would otherwise have been available. (*Beeler et al. v. Butte & London C. D. Co.,* 41 Mont. 465, 472-3.)

The decision in the King case was based in part upon the desirability of uniformity in the limitation period with respect to actions of the same character—a consideration not applicable here. It has been cited by this court in but two instances. In one the

case was of precisely the same character. (*A. T. & S. F. Rld. Co. v. Schroeder,* 56 Kan. 731, 733, 44 Pac. 1093.) In the other the only question involved was whether an action under the factory act was one for a penalty or forfeiture, requiring to be brought within one year. (*Slater v. Railway Co.,* 91 Kan. 226, 137 Pac. 943.) This court has many times applied the three-year statute in actions upon a liability created by statute, for injury to the rights of another, not arising on contract, and not covered by any other statutory provision. (See, for instance, *Frame v. Ashley,* 59 Kan. 477, 53 Pac. 474, and *Bank Commissioner v. Drury,* 105 Kan. 69, 181 Pac. 559.) It is true that in most of these cases the result would have been the same if the two-year statute had been applied, but in at least two instances where the petition was held good the bar would have fallen had the limitation been two years. (*Douglass v. Loftus, Adm'x,* 85 Kan. 720, 119 Pac. 74; *Hawk v. Sayler,* 83 Kan. 775, 112 Pac. 602.)

In a situation entirely analogous to that here presented the Ohio supreme court has held that the three-year statute applies. (*Seymour v. Railway Company,* 44 Ohio St. 12.)

The present action is one upon a liability created by statute. Without the statute there would be no basis whatever for the plaintiff's claim. (*Wagner v. Edwards County,* 103 Kan. 719, 176 Pac. 140, 665.) The statute giving the right of action is not one relating to remedy or procedure; it concerns the substantive rights of the parties and imposes an obligation where none before existed. We hold that the plaintiff had three years in which to bring it. This makes it unnecessary to pass upon other questions that have been presented. So far as the language of the opinion in the King case is inconsistent with this conclusion it is disapproved.

The judgment is reversed and the cause is remanded with directions to overrule the demurrer to the petition.