No. 47,999

CLARA J. KIRTLAND, *Appellant,* v. TRI-STATE INSURANCE COMPANY, *Appellee.*

(556 P. 2d 199)

Opinion filed November 6, 1976.

*Philip Shaffer,* of Salina, argued the cause, and *Frank C. Norton,* also of Salina, was on the brief for the appellant.

*Aubrey G. Linville,* of Clark, Mize & Linville, Chartered, of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: On March 25, 1973, a vehicle driven by plaintiff Clara J. Kirtland collided with a vehicle driven by George F. Bowers. Prior to this accident, Bowers had filed with the Kansas Corporation Commission a policy of liability insurance issued by defendant Tri-State Insurance Company, and had received a certificate of convenience and necessity to operate as a motor carrier in this state, all in conformity with K. S. A. 66-1,128 (now K. S. A. 1975 Supp. 66-1,128).

On February 13, 1975, plaintiff filed her original petition naming only Bowers as defendant. Subsequently, the sheriff returned the summons *non est,* indicating that after a diligent search and inquiry he was unable to find the named defendant. Thereafter, on April 11, 1975, more than two years after the accident, plaintiff filed an amended petition suing Tri-State, insurer of Bowers.

Defendant Tri-State filed a motion to dismiss, claiming the action against it was barred by the two-year statute of limitations of K. S. A. 1975 Supp. 60-513 (4). The trial court sustained the motion and entered an order dismissing Tri-State as a party defendant. From this order plaintiff appeals.

Plaintiff contends the right to sue Tri-State directly is one created by statute, thus the three-year limitation period of K. S. A. 60-512 (2) should apply. Defendant counters that the cause of action

is one in tort, thus plaintiff has only two years to file suit under K. S. A. 1975 Supp. 60-513 (4).

Because the two-year statute of limitations did not toll against Tri-State before it was named as defendant, plaintiff's cause of action must come under the three-year statute or it will be barred. (*Schmidt v. Nauman,* 202 Kan. 131, 446 P. 2d 828.)

K. S. A. 60-512 reads:

"The following actions shall be brought within three (3) years: . . . (2) An action upon a liability created by a statute other than a penalty or forfeiture."

K. S. A. 1975 Supp. 60-513 reads:

"The following actions shall be brought within two (2) years: . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

Plaintiff's argument that the three-year statute of limitations applies is based on her interpretation of K. S. A. 66-1,128. This statute requires all motor carriers to obtain minimum liability insurance before they can lawfully operate in this state. In addition, as interpreted by this court, the statute gives the plaintiff injured by a motor carrier the option of suing the motor carrier's insurer directly though the carrier is not made a party to the action. (*Sterling v. Hartenstein,* 185 Kan. 50, 341 P. 2d 90; *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276; *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918.) Plaintiff argues the right to sue is a liability of the insurer created by statute, which would not exist but for the creation of the statute (*Baldwin v. Fenimore,* 149 Kan. 825, 89 P. 2d 883; *Hollinger v. Dickinson County,* 115 Kan. 92, 222 Pac. 136; *Pretzel v. Fiss,* 84 Kan. 720, 115 Pac. 536), and therefore subject to the statute of limitations for statutorily created rights (K. S. A. 60-512 [2]).

As a general rule the nature of the cause of action determines the applicable statute of limitations. In addition, statutes of limitations are to be applied to all proceedings emanating from a cause of action in the same manner as they apply to the basic cause of action. The purpose of this rule is to make the right to be enforced, not the procedure, the test as to which statute of limitations applies. (51 Am. Jur. 2d, Limitations of Actions, § 62, pp. 640-641.) This court recognized the rule in the case of *Hollinger v. Dickinson County,* supra. There the plaintiff sued Dickinson County for damages resulting from a defective bridge. The trial court dismissed the action as being barred by the two-year statute of limi-

tations, relying on the case of *A. T. & S. F. Rld. Co. v. King,* 31 Kan. 708, 3 Pac. 565. This court reversed, modifying the *King* decision in the following language:

". . . Perhaps the decision might better have been justified upon the theory that the statute merely effected a procedural change, eliminating a defense to which the plaintiff's claim for injuries due to the defendant's negligence would otherwise have been open. It has been held that the invoking of a statutory provisional remedy by the plaintiff does not make the action one upon a liability created by statute (*Pare v. Mahone,* 32 Ga. 253) . . .

. . . . . . . . . . . . . . . .

"The present action is one upon a liability created by statute. Without the statute there would be no basis whatever for the plaintiff's claim. (*Wagner v. Edwards County,* 103 Kan. 719, 176 Pac. 140, 665.) The statute giving the right of action is not one relating to remedy or procedure; it concerns the substantive rights of the parties and imposes an obligation where none before existed. . . ." (pp. 94, 95.)

In the instant case we hold the two-year statute of limitations applies for three reasons.

First, the nature of the present action is one of tort, as this court has previously held in *Fitzgerald v. Thompson,* 167 Kan. 87, 204 P. 2d 756. There the court characterized the cause of action against an insurance company as being a tort liability. The court said:

"The rule deducible from the above authorities is that the liability assumed by the insurer is neither a contract liability nor a statutory liability. It is a tort liability—the liability in tort which the insured has 'from the negligent operation' of his business under the permit. The fact that this tort liability is determined by the statute and by the insurance policy does not keep it from being a tort liability." (pp. 90, 91.)

(See, also, *Sterling v. Hartenstein,* supra; *Streebin v. Capitol Truck Lines,* 182 Kan. 527, 322 P. 2d 776; *Lamb v. Hartford Accident & Indemnity Co.,* 180 Kan. 157, 300 P. 2d 387; *Twichell v. Hetzel,* 145 Kan. 139, 64 P. 2d 557.)

Second, the statute under discussion is not substantive, but is remedial in nature. It does not give the injured party any new rights or a new cause of action. The injured party in a motor carrier accident has always had the right to file a damage action for his injuries and losses. The power to sue the insurance company directly is only a statutory remedy designed to assist the injured party in effectuating a successful recovery when liability is established. In *Dunn v. Jones,* supra, the court stated:

". . . The purpose of the insurance is adequate protection to members of the public from negligent conduct of the motor-vehicle operator, not simply protection to the negligent operator against judgments rendered

against him, and what the policy must assure is recoverable compensation to a member of the public for injury to person and loss of or injury to property." (p. 223.)

Our characterization of the direct action against the insurance company as being procedural and not substantive has support from other jurisdictions. (*Noe v. United States Fidelity and Guaranty Company*, 406 S. W. 2d 666, 669 [Mo. 1966], and cases cited therein; 46 C. J. S., Insurance, § 1243 [c], pp. 236, 237.)

If plaintiff's position is adopted by this court, she would have two years in which to sue the original tortfeasor and three years to sue his insurer. The insurer would be exposed to a greater period of liability than the original tortfeasor. It is the obligation of this court to interpret statutes to express the intent of the legislature (*Manzanares v. Bell*, 214 Kan. 589, 522 P. 2d 1291), and we cannot believe the legislature intended to create such an anomaly. (See, *Firemen's Ins. Co. v. Diskin*, 255 Cal. App. 2d 502, 509, 63 Cal. Rptr. 177.) Since the insurer by statute stands in the shoes of the insured, he can have no greater or lesser rights or obligations than the insured. (In accord, *American Ins. Group v. McCowin*, 7 Ohio App. 2d 62, 218 N. E. 2d 746, *State Insurance Fund v. Taron*, 333 P. 2d 508 [Okl. 1958].)

The judgment of the lower court is affirmed.