(886 P.2d 370)
No. 71,282

SUSANNE B. (RATZLAFF) GEHRING, *Appellant*, v. STATE OF KANSAS, KANSAS DEPARTMENT OF TRANSPORTATION, *Appellee.*

Opinion filed December 9, 1994.

*Michael K. Lehr* and *James R. Howell*, of Larry Wall & Associates, of Wichita, for appellant.

*Oswald S. Dwyer* and *Michael B. Rees*, chief counsel, of the Kansas Department of Transportation, of Topeka, for appellee.

Before RULON, P.J., GREEN, J., and DONALD L. WHITE, District Judge Retired, assigned.

RULON, J.: Plaintiff, Susanne Gehring, appeals from the judgment of the district court which dismissed her action filed against the defendant, the Kansas Department of Transportation

(KDOT), because plaintiff's claim was barred by the statute of limitations.

We must decide if the district court erred in concluding a two-year statute of limitations applied to plaintiff's cause of action. We affirm.

The facts of this case are not disputed and are briefly stated as follows:

On August 2, 1991, plaintiff was injured in a one-car collision on K-181 Highway. At the time of the collision, J.H. Shears' Sons, Inc., pursuant to a contract with KDOT, was resurfacing the section of the highway where the collision occurred.

On August 30, 1993, plaintiff filed a negligence action against KDOT, alleging a substantial drop-off created during the resurfacing caused the collision. KDOT filed a motion to dismiss, arguing the claim was barred by a two-year statute of limitations. Plaintiff opposed the motion, arguing a three-year statute of limitations controlled. The district court granted the motion to dismiss after concluding that the legislature intended the underlying cause of action to be the deciding factor in determining the applicable statute of limitations. In this instance, the district court concluded plaintiff's action was controlled by the provisions of K.S.A. 1993 Supp. 60-513(a)(4).

Plaintiff argues the district court erred in concluding the two-year statute of limitations applied to her case. Plaintiff argues the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*, created liability for governmental entities. According to plaintiff, her claim is an action based upon a liability created by statute. Consequently, plaintiff asserts the three-year statute of limitations under K.S.A. 60-512(2) applies to this action.

We conclude that under the KTCA, a governmental entity is liable for damages caused by the negligent or wrongful acts or omissions of its employees acting within the scope of their employment "where the governmental entity, if a private person, would be liable under the laws of this state." K.S.A. 75-6103(a). The Code of Civil Procedure is applicable to actions within the scope of the Act. K.S.A. 75-6103(b).

Under the Kansas Code of Civil Procedure, "[a]n action for injury to the rights of another, not arising on contract," shall be brought within two years. K.S.A. 1993 Supp. 60-513(a)(4). On the other hand, "[a]n action upon a liability created by statute" shall be brought within three years. K.S.A. 60-512(2).

The law in Kansas is well settled that interpretation of statutes is a question of law and this court's review of questions of law is unlimited. *State v. Scherzer*, 254 Kan. 926, 933-34, 869 P.2d 729 (1994). The overriding principle of statutory construction is that the intent of the legislature governs if that intent can be ascertained from the plain language of the statute. When the statute is plain and unambiguous, the court must give effect to the intent of the legislature. If, however, the interpretation of one section of an act based on its plain meaning would contravene the purpose of the legislature, the entire act should be construed according to its spirit and reason. When an act is clear on its face, there is no need to consult legislative history or extrinsic materials. 254 Kan. at 933-34.

The history surrounding the enactment of the KTCA does not clearly reveal the legislature's intent as to the applicable statute of limitations for claims brought under the KTCA. All discussions regarding a limitations period, however, referred to a two-year period. See Proposal No. 11—Tort Claims Act for Local Government, Report on Kansas Legislative Interim Studies to the 1979 Legislature-Special Committees, 269, 276 (1978) (Kansas Trial Lawyers Association suggested two-year limitations period for filing a claim, as found in the Federal Tort Claims Act); *Kansas Tort Liability Act Proposed*, 65 Kansas Gov't J., 36, 37 (January 1979) (attachment to Minutes of the Senate Judiciary Committee, January 18, 1979) (injured party would have two years to file an action for damages under KTCA); League of Kansas Municipalities Special City Legislative Bulletin No. 12, p. 3 (1979) (attachment to Minutes of the House Judiciary Committee, March 20, 1979) (injured party presumably would have up to two years to file action for damages under the Code of Civil Procedure).

As noted above, instead of specifying which limitations period applied to claims brought under the Act, the final version of the

statute adopted by the legislature simply states that all claims are subject to the Kansas Code of Civil Procedure. The resulting ambiguity was summarized as follows:

"Most of those who were involved in the shaping of the Act assumed that the applicable tort statutes of limitations would be applicable. For example, for false imprisonment, assault and battery, that one year would be the limitation, and for ordinary negligence and the like, two years would be the limitation. However, the statute which most reasonably applies to the Act is K.S.A. 60-512 which provides: 'An action upon a liability created by a statute other than a penalty or a forfeiture,' and a three year statute of limitation is therein described." Palmer, *A Practitioner's Guide to the Kansas Tort Claims Act*, 48 J.K.B.A. 299, 303 (1979).

Since the KTCA was enacted, the Kansas appellate courts have never been asked to resolve this issue. Without addressing the issue, however, the appellate courts have applied the statute of limitations applicable to the underlying action. See *Lindenman v. Umscheid*, 255 Kan. 610, 620-25, 875 P.2d 964 (1994) (abuse of process and malicious prosecution); *Borg Warner Acceptance Corp. v. Kansas Secretary of State*, 240 Kan. 598, 604-05, 731 P.2d 301 (1987) (negligence); *Martin v. Board of Johnson County Comm'rs*, 18 Kan. App. 2d 149, 153-58, 848 P.2d 1000 (1993) (personal injury).

Although the legislature did not specify which limitations period would apply, the legislature clearly expressed its intention that governmental entities would be liable for their employees' acts and omission if a private person would be liable under the same circumstances. See K.S.A. 75-6103(a). See also *Rollins v. Kansas Dept. of Transportation*, 238 Kan. 453, Syl. ¶ 3, 711 P.2d 1330 (1985) (duty of State under KTCA in doing highway maintenance work is the same as that required of private individuals doing the same work). Under the Kansas Code of Civil Procedure, a two-year limitations period applies to negligence claims against private persons. K.S.A. 1993 Supp. 60-513(a)(4). Based on the legislature's clearly expressed intention that governmental entities are to be liable under circumstances in which a private person would be liable, we conclude the two-year statute of limitations applies to this action.

Plaintiff argues the three-year statute of limitations should apply because the KTCA creates liability. Without the enactment of the KTCA, plaintiff asserts, the State would be immune from liability. According to plaintiff, the KTCA created substantive new rights and liabilities regarding governmental entities.

Prior to the enactment of the KTCA, the right of action against the State for damages occurring on highways was not based on common-law negligence but was a statutory cause of action. *Trout v. Koss Constr. Co.*, 240 Kan. 86, 90, 727 P.2d 450 (1986). Under the KTCA, the State is subject to liability based on ordinary negligence principles. 240 Kan. at 90.

In determining whether the three-year statute of limitations applies, our inquiry is whether the statute created the cause of action. An action is not based upon a liability created by statute if the right would exist at common law without the statute. A statute is merely remedial if it does not give any new rights. *Pecenka v. Alquest*, 6 Kan. App. 2d 26, 28, 626 P.2d 802, *rev. denied* 229 Kan. 670 (1981).

For example, we believe that a statute which does create liability is the Kansas Consumer Protection Act (KCPA), K.S.A. 50-601 *et seq.* Because liability may be established without proving the intent to defraud, an action under the KCPA is distinguishable from a common-law fraud claim. *Haag v. Dry Basement, Inc.*, 11 Kan. App. 2d 649, 651, 732 P.2d 392, *rev. denied* 241 Kan. 838 (1987). Other statutes which create liability include the veterans' preference law, K.S.A. 73-201 *et seq.*, (see *Pecenka*, 6 Kan. App. 2d at 29) and actions brought by the State against the county treasurer and its surety, *State, ex rel., v. Masterson*, 221 Kan. 540, 545, 561 P.2d 796 (1977).

In *Kirtland v. Tri-State Insurance Co.*, 220 Kan. 631, 556 P.2d 199 (1976), plaintiff was injured by a motor carrier. Plaintiff brought suit against the motor carrier's insurer under a statute allowing suit directly against the insurer, although the carrier is not made a party to the action. Plaintiff argued the three-year statute of limitations applied because the right to sue was a liability of the insurer created by statute. The *Kirtland* court, characterizing the nature of the action as one in tort and the statute

as procedural and not substantive, held the two-year statute of limitations applied. The *Kirtland* court said:

"If plaintiff's position is adopted by this court, she would have two years in which to sue the original tortfeasor and three years to sue his insurer. The insurer would be exposed to a greater period of liability than the original tortfeasor. It is the obligation of this court to interpret statutes to express the intent of the legislature [citation omitted], and we cannot believe the legislature intended to create such an anomaly. [Citation omitted.] Since the insurer by statute stands in the shoes of the insured, he can have no greater or lesser rights or obligations than the insured. [Citations omitted.]" 220 Kan. at 634.

Under the facts shown here, plaintiff's claim is based on ordinary negligence. The KTCA does not "create" a cause of action like the highway defect statute, K.S.A. 60-301 (Weeks) (since repealed), the Kansas Consumer Protection Act, or the veterans' preference law. Instead, the KTCA removes the immunity granted governmental entities at common law. By eliminating a defense, the KTCA merely created a remedial, not a substantive, change. Tort actions against the State are brought *pursuant to* the KTCA. Such are not brought *in violation of* the KTCA.

Furthermore, if plaintiff's position was adopted by this court, KDOT would be open to suit for a longer period than a co-tortfeasor who is a private person. This result directly contradicts the legislature's expressed intention that governmental entities be equated with private persons in determining liability. Additionally, such interpretation ignores the inequity resulting from co-tortfeasors being exposed to suit for different periods of time.

Plaintiff argues that " 'where there is doubt as to which statute of limitations should apply, the longer statute should be chosen.' " *Haag*, 11 Kan. App. 2d at 652 (quoting *Holley v. Coggin Pontiac*, 43 N.C. App. 229, 240-41, 259 S.E.2d 1, *cert. denied* 298 N.C. 806 [1979]). However, given the overriding principle of statutory construction that the intent of the legislature is to govern if that intent can be ascertained from the plain language of the statute, the limitations period applicable to the underlying cause of action controls claims brought under the KTCA. We conclude the district court did not err in granting judgment to KDOT.

Affirmed.