Julene L. Miller, General Counsel Kansas Board of Regents 1000 SW Jackson, Suite 520 Topeka, Kansas 66612-1368
Dear Ms. Miller:
You inquire whether K.S.A. 2007 Supp. 75-3741c exempts state capital improvement projects from local zoning and land use regulations. Your question arises from the desire of Fort Hays State University to construct wind energy towers on its property[1] and the City of Fort Hays' moratorium on land use for this purpose pending the adoption of regulations.[2] K.S.A. 2007 Supp. 75-3741c provides, in part:
 "(a) No state capital improvement project for the construction . . . of any building or facility for use by one or more state agencies, shall be subject to any building permit requirement or building code of any county . . . city or political subdivision of this state. . . . [N]o project shall be subject to any inspection requirement or any requirement to obtain any permit, license or other instrument of approval for the project which is imposed by any city. . . .[3]
The University's position is that the statute exempts state agencies from compliance with local building codes. Additionally, the reference in the statute to "instrument of approval" encompasses zoning and any other land use permit or authorization that would normally be required if the project were not a state capital improvement.
The City's position is that this statute, enacted in 1983, simply codified appellate court decisions[4] and an Attorney General opinion[5] which concluded that state agencies are not subject to local building codes but are subject to local zoning and land use regulations unless the agency seeks a judicial determination that, based upon a balancing of interests, the state is immune.[6]
We begin with the cardinal rule of statutory construction which is that the intent of the legislature governs when the intent can be ascertained from the statute.[7] In construing a statute, we look first to the language and, if the language is clear on its face, there is no need to look at legislative history.[8] However, if there is ambiguity (i.e. statute is capable of more than one interpretation[9]), then it is appropriate to do so.
"Instrument of approval" as used in K.S.A. 2007 Supp. 75-3741c is susceptible of two different meanings. If read in context with the first sentence of the statute, it could be construed within the limited context of building codes and the requisite approvals that are necessary for a construction project. Alternatively, "instrument of approval" could be construed separate and apart from building codes and encompass a panoply of local regulations governing land use. Accordingly, we believe that this statute is ambiguous and, therefore, amenable to review of its legislative history in order to determine the legislature's intent.
The impetus, in 1983, for the enactment of K.S.A. 75-3741c came from a concern articulated by the department of administration of the variety of local building codes and fees by which local jurisdictions might attempt to require the state to follow in capital improvement projects. Thus, according to the department, a statute was necessary to codify a Kansas Supreme Court decision and an Attorney General opinion concluding that state agencies are exempt from local building codes.[10] The Kansas Supreme Court decision was State ex rel. Schneider v. City ofKansas City, [11] where the Court concluded that the City of Kansas City could not impose its building codes on the University of Kansas in the latter's construction of a new radiation therapy facility.
The rationale of Schneider was applied by Attorney General Robert T. Stephan when he concluded that state agencies are not bound by local building codes.[12] However, as to whether state agencies had to comply with city zoning and site plan ordinances, General Stephan, relying upon Brown v. Kansas Forestry, Fish Game Comm.,[13]
concluded that such agencies were obligated to do so unless they were successful in obtaining a judicial determination that the state's interests in non-compliance prevailed over the interests of the city in accordance with the "balancing of interest" factors set forth inBrown.[14]
Thus, when 1983 Senate Bill 394 (now codified at K.S.A. 75-3741c) was introduced, Schneider, Brown, and the aforementioned Attorney General opinion provided that state agencies are exempt from local building codes but not exempt from zoning and other land use regulations absent a judicial determination.[15] During the Senate committee hearing, a representative of the Department of Administration's Division of Architectural Services testified that the bill "merely follows what has actually been done in the past."[16] The bill brief advised that the bill was requested by the State Architect "to clarify and codify current practice and avoid misunderstandings with local units of government."[17] Essentially, it appears that K.S.A. 75-3741c was enacted to preserve the status quo by codifying the conclusion in Attorney General Opinion No. 81-203 and the holding in theSchneider opinion.[18]
Accordingly, it is our opinion that K.S.A. 2007 Supp. 75-3741c is limited only to local building codes and does not exempt state capital improvement projects from compliance with local zoning and land use regulations absent a judicial determination that the state agency is immune based upon the "balancing of interests" test established inBrown v. Kansas Forestry, Fish Game Commission.
It is notable that an appellate court decision issued after the enactment of this statute never mentioned K.S.A. 75-3741c when considering whether a state agency was immune from local land use regulations.[19] In Herrmann v. Board of Butler CountyComm'rs, [20] the Board of County Commissioners issued a special use permit allowing construction of a state-owned prison. When two landowners challenged issuance of the permit, the State intervened in the case and argued that it was immune from county zoning regulations. The Kansas Supreme Court upheld the district court's reliance upon theBrown test and its ruling that the State was immune from zoning regulations in this instance because of the compelling state interest in complying with a federal mandate to construct a state prison. We surmise that the reason the statute was not a factor in the decision is because neither the parties or the court believed that the statute applies to zoning and other land use regulation.[21]
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] By agreement, the university's main campus and other parcels of land were annexed by the City of Fort Hays in 1995. The City exercises exclusive jurisdiction over zoning and land use within the city's corporate limits as well as a three-mile area outside of the city.
[2] Ordinance No. 3746.
[3] Emphasis added.
[4] Schneider v. City of Kansas City, 228 Kan. 25 (1981); Brown v.Kansas Forestry, Fish Game Commn., 2 Kan.App.2d 102 (1978).
[5] Attorney General Opinion No. 81-203.
[6] In balancing the interests of the state and the local government, the court examines the nature of the use, the inconvenience to the public if the use was denied, and the impact on surrounding land if the use was approved. Judgment of the state is entitled to "considerable deference." Brown v. Kansas Forestry, Fish Game Comm.,2 Kan.App.2d 102, 107, 113 (1978).
[7] Buettner v. Unruh, 7 Kan.App.2d 359 (1982).
[8] Gehring v. State Dept. of Transportation, 20 Kan.App.2d 246, 248
(1994), rev. denied 256 Kan. 994 (1995).
[9] Sterling Drilling Co. v. Kansas Dept. of Revenue,9 Kan.App.2d 108, 109 (1983), rev. denied 234 Kan. 1078 (1984).
[10] Minutes, Senate Committee on Ways Means, March 7, 1983.Schneider v. City of Kansas City, 228 Kan. 25 (1981); Attorney General Opinion No. 81-203.
[11] 228 Kan. 25 (1981).
[12] Attorney General Opinion No. 81-203 (application of city building codes and land use regulations to Kansas Department of Transportation's construction of maintenance building.)
[13] 2 Kan.App.2d 102 (1978).
[14] Brown addressed whether the State Forestry, Fish Game Commission was immune from county zoning regulations in its use of land zoned for single family residences for a parking lot that would service a recreation facility. The Court concluded that, in determining whether a state agency must conform its land use to local zoning regulations, it would apply a "balancing of interests" test utilizing factors such as: (1) the nature and scope of the agency seeking immunity; (2) the kind of function or land use involved; (3) the extent of the public interest to be served; (4) the effect local land use regulation would have upon the enterprise concerned; and (5) the impact upon legitimate local interests.
[15] Attorney General Opinion No. 80-14 (in the absence of a statute to the contrary, a school district is not immune from local zoning requirements). See also Attorney General Opinion No. 79-28.
[16] Minutes, Senate Committee on Ways Means, March 7, 1983.
[17] Supplemental Note on 1983 SB 394, as recommended by Senate Committee on Ways Means.
[18] Minutes, Senate Committee on Ways Means, March 7, 1983.
[19] Herrmann v. Board of Butler County Comm'rs, 246 Kan. 152
(1990).
[20] Id.
[21] See Johnson County Water Dist. No. 1 v. City of KansasCity, 255 Kan. 183, 194 (1994) (issue of immunity of water district from local zoning restrictions raised but not addressed.)