No. 50,402

FARMERS INSURANCE COMPANY, INC., *Appellee,* v. FARM BUREAU
MUTUAL INSURANCE COMPANY, INC., *Appellant.*

(608 P.2d 923)

Opinion filed April 5, 1980.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland
Park, argued the cause and was on the brief for the appellant.

*William Terry Fitzgerald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas
City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This action arose between two insurance compa-
nies under the "Kansas automobile injury reparations act," K.S.A.
1979 Supp. 40-3101 *et seq.* It was filed by Farmers Insurance
Company, Inc. (Farmers), against Farm Bureau Mutual Insur-

ance Company, Inc. (Farm Bureau), to recover $1,540.00 which amount it paid to its insured as personal injury protection (PIP) benefits. See K.S.A. 1979 Supp. 40-3103(*q*) for definition of PIP benefits.

Robert King was insured by Farmers. William Latham was insured by Farm Bureau. King was injured in a two-vehicle automobile accident on October 19, 1974. Latham was the owner-operator of the second car. Pursuant to the terms of the PIP endorsement to King's policy, Farmers paid $1,540.00 to King for medical and wage benefits resulting from the accident with Latham. Farmers notified Latham's liability carrier, Farm Bureau, that PIP benefits had been paid to King and that Farmers claimed a lien as a result of the payments pursuant to K.S.A. 40-3113, now K.S.A. 1979 Supp. 40-3113a.

King retained an attorney, Mr. Lloyd Alvey, to represent him in recovering on a claim against Latham based in tort arising from the accident on October 19, 1974. Attorney Alvey notified his client's insurer, Farmers, that his client, King, had retained him to make a claim against Latham and Latham's insurance carrier, Farm Bureau. Farmers instructed attorney Alvey that he had no authority to represent Farmers in collecting its claim for reimbursement of PIP benefits paid to King.

With the position of Farmers clearly in mind attorney Alvey made claim against Farm Bureau as the liability insurer of Latham. A settlement was agreed to between King and Farm Bureau. It was understood by Farm Bureau that King had no authority to settle the reimbursement claim for PIP benefits paid by Farmers. The settlement figure of $2,000.00 was understood by both parties not to be duplicative of PIP benefits. King executed a standard release in favor of Latham and received a draft for $2,000.00 issued by Farm Bureau on April 17, 1976. Farmers was not made a joint payee on the settlement draft as no amount for PIP benefit payments was included in the draft.

When the accident occurred on October 19, 1974, and the right to PIP benefits accrued, K.S.A. 40-3113 was in effect. The statute was still in effect when the $2,000.00 settlement was made between King and Farm Bureau on April 17, 1976. However, K.S.A. 40-3113 was repealed and K.S.A. 1979 Supp. 40-3113a became law on July 1, 1977. The present action was filed October 24, 1977.

The question as to which law applies confronts us. The answer is found in *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979). In *Nitchals* it was held that paragraph (*e*) of K.S.A. 1979 Supp. 40-3113a regarding *apportionment of attorney fees* should be given retrospective application since it effected a procedural change. At pp. 291 and 292 of that opinion, however, it is said:

"It is clear that a statutory right of an insurance company to reimbursement for insurance benefits paid, where the insured recovers from a third party, is a substantive legal right. *Insurance Co. v. Cosgrove,* 85 Kan. 296, 116 Pac. 819 (1911), affirmed on rehearing 86 Kan. 374, 121 Pac. 488 (1912). Conceding that the right of reimbursement for PIP benefits paid provided in both the old and the new statute is substantive in nature, it becomes necessary to determine whether 40-3113a(*e*), which allows the apportionment of attorney fees between the PIP insurer and insured, is merely a change in an existing remedy or a statutory change which alters a vested substantive right."

The questions raised herein with regard to reimbursement rights concern substantive rights existing prior to the effective date of the new statute. Therefore, the decision in this case must be governed by our former statute K.S.A. 40-3113. Our decision here will give but limited guidance for the future because the new statute contains several major changes which we will not consider here.

The facts of this case are not in dispute. After hearing evidence and considering the stipulations of counsel the trial court made findings on the record and entered a judgment in favor of plaintiff-Farmers for $1,540.00, the amount of PIP benefits paid its insured. The findings upon which the judgment rests are paraphrased by Farmers in its brief as follows:

"(1) The settlement between Mr. King (through Mr. Alvery) and Kansas Farm Bureau was over and above the PIP benefits which had been paid; this settlement was effectuated while a claim for PIP benefits existed between plaintiff-appellee Farmers and defendant-appellant Farm Bureau.

"(2) The plaintiff Farmers does not have a right of subrogation (or reimbursement) against its insured (Mr. King or attorney Alvery) for the PIP benefits in question.

"(3) The release taken by Farm Bureau, on behalf of its insured (Mr. Latham) disturbs Farmers' cause of action, or PIP claim, against Kansas Farm Bureau.

"(4) Farm Bureau is obligated under K.S.A. 40-3113(*c*) to indemnify Farmers for the loss Farmers suffered in the amount of the PIP benefits paid (to Mr. King)."

Defendant-Farm Bureau appeals from the judgment. It agrees with finding (1) above but disagrees with the conclusory findings (2), (3) and (4). The five points raised on appeal bear upon the

positions of these two parties under the reimbursement provisions of K.S.A. 40-3113. We will first analyze the section in view of existing Kansas case law.

This section of the Kansas automobile reparations act is divided into five paragraphs identified by letters (*a*) through (*e*), dealing with insurers' rights of reimbursement and indemnity. The section explains the rights, duties and liabilities of the respective parties after PIP benefits have been paid. It is well to keep in mind that personal injury protection insurance coverage provides first party insurance. The injured party looks to his own insurance company for payment of PIP benefits. *Farm & City Ins. Co. v. American Standard Ins. Co.,* 220 Kan. 325, Syl. ¶ 1, 552 P.2d 1363 (1976).

Section (*a*) of the statute refers to rights of the PIP insurer after its insured has recovered damages by judgment or settlement upon the tort claim. The section provides that when ongoing PIP payments are being made to the insured and the insurer has recovered damages from the tortfeasor, the insurer may then subtract from further PIP payments coming due the amount of PIP payments which the insured has already recovered in damages. It further provides, if PIP benefits have already been received and the insured recovers duplicative benefits from the tortfeasor, that the insured shall repay to the insurer the PIP benefits he or she previously received under first party coverage. The section further provides: "The injured person's insurer or insurers shall have a lien on such recovery to this extent." In other words, K.S.A. 40-3113(*a*) provides that the insurer has a right to recover back from its insured any PIP payments paid by the insurer if and when the insured has recovered from a tortfeasor damages which include sums duplicative of the PIP payments. *Easom v. Farmers Insurance Co.,* 221 Kan. 415, Syl. ¶ 4, 560 P.2d 117 (1977). The present action was not brought against the insured. It was brought to recover from the liability insurer of the tortfeasor. So section (*a*) is not of present concern.

Section (*b*) of the foregoing statute recognizes in the PIP insurer a right of reimbursement "if suffering loss from inability to collect such reimbursement out of a payment received by an injured person upon a tort claim." In addition it provides if a tortfeasor, or the liability insurer of the tortfeasor, makes payment to the injured person without making such person and the PIP

insurer joint payees on the payment draft, the PIP insurer is entitled to indemnity to the extent of any payment duplicative of PIP payments. In order to obtain such indemnity it must appear (1) the PIP insurer is suffering loss from inability to collect reimbursement from its insured, (2) the tortfeasor or the liability insurer had notice of the PIP insurer's interest, and (3) the tortfeasor or the liability insurer with such notice made payment to the injured person without making the PIP insurer a joint payee on the settlement draft. No showing as required under (1) above was made by Farmers in this case.

Section (c) of the statute relates to the time schedule for bringing an action to recover on the tort resulting in the injuries. The injured person may bring the action under 40-3117 during the first eighteen (18) months after the accident. If such an action is not filed the insurer of the injured person, after giving thirty (30) days' written notice, has the right to bring a tort action "to recover the amount of the personal injury protection [PIP] benefits" paid to the injured person.

Section (d) of the statute recognizes arbitration between insurance companies as a permissible method of settling disputes.

Section (e), which is the final paragraph, provides that PIP benefits shall be deducted from any recovery received by an injured person under uninsured motorist coverage.

We turn to the first question raised. Appellant-Farm Bureau contends the cause of action was barred by the statute of limitations. A tort action is limited to two years from the time the action accrues under K.S.A. 60-513(a)(4). Under (b) of this statute the action accrues when the act giving rise to the cause of action (the car accident in this case) first causes substantial injury. This would be on October 19, 1974. Any tort action brought by either the injured person or his PIP insurer against the tortfeasor or the liability insurer pursuant to K.S.A. 40-3113(c) is limited by K.S.A. 60-513(a)(4) to two years from the date of the injuries. The injured person has priority during the first eighteen (18) months. After giving the required notice to the injured person the PIP insurer may bring an action to recover its PIP payments thereafter if the action is filed within two years after the injuries. However, in this case the two years expired October 19, 1976, and the present action was not filed until October 24, 1977. Obviously any tort action as contemplated in K.S.A. 40-3113(c) is barred.

The appellee-Farmers argues this is not a tort action. It argues the action was brought pursuant to K.S.A. 40-3113(*b*), and that this paragraph creates a new statutory cause of action in favor of the PIP insurer against the liability insurer for failure to protect the PIP insurer by making it a joint payee on the settlement draft. Farmers contends the action is limited by K.S.A. 60-512(2) which states:

"The following actions shall be brought within three (3) years:  .  .  .  (2) An action upon a liability created by a statute other than a penalty or forfeiture."

We cannot agree. The liabilities of all parties grew out of the automobile accident. Farmers, as PIP insurer, had certain rights of reimbursement under this section of the act when it paid the PIP benefits to its insured, King. Under paragraph (*a*) a right to subtract from PIP payments to be made in the future is possible when the insured has settled with the tortfeasor. This does not apply in the present case. Paragraph (*a*) also recognizes that the PIP insurer has a lien on any recovery from a tortfeasor which its insured receives to the extent of the PIP benefits paid. Farmers made no attempt to enforce its lien on the amount its insured received from the tortfeasor's insurer.

Paragraph (*b*) recognizes the PIP insurer's right of reimbursement from the liability insurer when it fails to name joint payees on the settlement draft and has been put on prior notice of the PIP insurer's claim.

The statutory provisions in K.S.A. 40-3113 for recoupment by the PIP insurer of PIP benefits paid to its insured were not meant to create some new statutory cause of action. The provisions are merely intended to recognize rights of subrogation and to assist the PIP insurer, through subrogation, to recover from the tortfeasor and the tortfeasor's insurer. In addition it provides a lien against damages collected by the injured person which are duplicative of PIP benefits.

Subrogation may be based on contract. Also, it may be legal subrogation which arises by operation of law without regard to any contractual relationship. It may also be statutory in nature as in the present case or any combination of the three.

In the early case of *Blitz v. Metzger,* 119 Kan. 760, 767, 241 Pac. 259 (1925), this court said:

"Subrogation is a creature of equity invented to prevent a failure of justice, and is broad enough to include an instance in which one party is required to pay what is,

between them, the debt of another. It does not depend upon contract nor the absence of contract, but is founded upon principles of natural justice. (*New v. Smith,* 94 Kan. 6, 16, 145 Pac. 880; *Olson v. Peterson,* 88 Kan. 350, 128 Pac. 191; *Crippen v. Chappel,* 35 Kan. 495, 11 Pac. 453.)"

See also *United States Fidelity & Guaranty Co. v. First State Bank,* 208 Kan. 738, Syl. ¶ 5, 494 P.2d 1149 (1972).

The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter. Therefore, any defense which a wrongdoer has against the insured, such as the statute of limitations, is good against the insurer subrogated to the rights of the insured. 44 Am. Jur. 2d, Insurance § 1821; *Hartford Fire Ins. Co. v. Western Fire Ins. Co.,* 226 Kan. 197, 597 P.2d 622 (1979).

In *Kirtland v. Tri-State Insurance Co.,* 220 Kan. 631, 556 P.2d 199 (1976), a claim regarding the statutes of limitations was made by reason of K.S.A. 66-1,128. A party had been injured by the insured motor carrier and a direct cause of action was recognized in tort against the insurer of the motor carrier by reason of this statute. In holding the two year statute, K.S.A. 60-513(a)(4), applied, rather than the three year statute, K.S.A. 60-512(2), the court pointed out:

"If plaintiff's position is adopted by this court, she would have two years in which to sue the original tortfeasor and three years to sue his insurer. The insurer would be exposed to a greater period of liability than the original tortfeasor. It is the obligation of this court to interpret statutes to express the intent of the legislature [citation omitted], and we cannot believe the legislature intended to create such an anomaly. [Citation omitted.] Since the insurer by statute stands in the shoes of the insured, he can have no greater or lesser rights or obligations than the insured. [Citations omitted.]" 220 Kan. at 634.

The PIP insurer which has paid PIP benefits to its insured has rights of reimbursement and subrogation against the tortfeasor and his or her liability insurer under K.S.A. 40-3113. These rights recognized by statute are limited by the same two year statute of limitations which applies to an action against the tortfeasor,

K.S.A. 60-513($a$)(4). Since this disposes of the cause of action we will not examine the remaining points raised on appeal.

In the present case any action by Farmers to collect from the tortfeasor's insurer Farm Bureau was barred by the two year statute of limitations and the trial court erred in failing to sustain defendant's motion to dismiss the action prior to trial. The judgment for $1,540.00 in favor of Farmers Insurance Company, Inc., is set aside and this case is reversed.