(61 P.3d 741)
No. 88,833

UNIVERSITY OF KANSAS MEMORIAL CORPORATION, *Appellant,* v.
THE KANSAS POWER AND LIGHT COMPANY, *Appellee.*

Opinion filed January 24, 2003.

*Andrew J. Nantz* and *Christopher J. Lucas*, of Brown & James, P.C., of Kansas City, Missouri, for appellant.

*Martin J. Bregman*, of Westar Energy, Inc., of Topeka, for appellee.

Before GREEN, P.J., MARQUARDT, J., and JOHN E. SANDERS, District Judge, assigned.

GREEN, J.: The University of Kansas Memorial Corporation (UKMC) appeals from the trial court's judgment denying its claims of negligence against The Kansas Power and Light Company (KPL). On appeal, UKMC contends that the trial court improperly determined that its claims were barred by the statute of limitations. We disagree and affirm.

On October 28, 1998, KPL performed maintenance on a power station that feeds power to the Kansas Student Union Building (the Building) at the University of Kansas (the University). KPL closed a switch at the power station, which resulted in a power overload at the Building. Because of the power overload, a Carrier chiller (the chiller) in the Building sustained damage.

On December 14, 2001, UKMC, the entity which owns the Building and the chiller, sued KPL, alleging that KPL was liable for the damages to the chiller under the theories of negligence and *res ipsa loquitur*. KPL moved to dismiss for failure to state a claim. Specifically, KPL alleged that UKMC's negligence claims were governed by the 2-year statute of limitations under K.S.A. 2001

Supp. 60-513 and were therefore barred because UKMC's action commenced over 3 years after it sustained the damages in question. UKMC responded by arguing that its action fell within an exception to the 2-year statute of limitations under K.S.A. 60-521. The trial court granted KPL's motion to dismiss after finding that the exception to the 2-year statute of limitations was inapplicable and, as a result, the action was time barred.

Before addressing the merits of this appeal, a review of K.S.A. 76-6a01 *et seq.* is helpful. Under K.S.A. 76-6a02, student union buildings on state university campuses must be sponsored and maintained by nonprofit corporations. The Board of Regents (the Board) is required to lease portions of the state universities' campuses to the nonprofit corporations for construction of the student union buildings. K.S.A. 76-6a02. Once the student union buildings are constructed, the Board is required to contract with the nonprofit corporations for rental of the buildings. K.S.A. 76-6a03. The contracts between the Board and the nonprofit corporations are required to provide "[t]hat the state of Kansas shall incur no liability under such contract[s] or by reason of any authority exercised by the [B]oard under this act, except that the [B]oard shall collect and apply the fees and charges authorized by K.S.A. 76-6a04 and 76-6a05 in the manner prescribed in this act." K.S.A. 76-6a03(b). When the costs of constructing the student union buildings are paid by the Board to the nonprofit corporations, the buildings and equipment therein become the property of the state. K.S.A. 76-6a03(a). Under this statutory scheme, UKMC was created as a nonprofit corporation to sponsor and maintain the Building.

The sole issue on appeal is whether the trial court erred in relying on the statute of limitations in dismissing the action. K.S.A. 60-212(b)(6) allows for dismissal of claims if the petition fails to state a claim upon which relief can be granted. The standard of review for a motion to dismiss under K.S.A. 60-212(b)(6) requires this court to determine " 'whether in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid claim for relief.' " *Bruggeman v. Schimke,* 239 Kan. 245, 247, 718 P.2d 635 (1986) (quoting *Knight v.*

*Neodesha Police Dept.*, 5 Kan. App. 2d 472, Syl. ¶ 2, 620 P.2d 837 [1980]).

However, K.S.A. 60-212(b) further provides that

"[i]f, on a motion asserting the defense provided in subsection (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256 . . . ."

See *Davidson v. Denning*, 259 Kan. 659, 666-67, 914 P.2d 936 (1996) (relying on 60-212[b][6] in applying the standard of summary judgment). Here, UKMC presented a matter outside the pleading, a contract between UKMC and the University, that was not excluded by the trial court. As a result, we must treat UKMC's motion as one for summary judgment.

The standard of review for a motion for summary judgment is well established:

" 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]' " *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 [1999]).

"Ordinarily, summary judgment should not be granted when discovery is incomplete. [Citation omitted.]" *Bell v. Kansas City, Kansas, Housing Authority*, 268 Kan. 208, 220, 992 P.2d 1233 (1999). Further, when the issue before us requires interpretation of a statute, we are faced with a question of law, and an appellate court's review of a question of law is unlimited. *Decker v. Kansas Dept. of SRS*, 24 Kan. App. 2d 155, 157, 942 P.2d 667, *rev. denied* 262 Kan. 960 (1997). Review of the trial court's ruling in the instant case

requires us to interpret the statute of limitations and exceptions thereto.

The trial court did not specify which statute of limitations it relied on in dismissing UKMC's action. However, the trial court did state that it was adopting KPL's arguments. Although KPL argued that UKMC's negligence claims were governed by the 2-year statute of limitations under K.S.A. 2001 Supp. 60-513, it did not argue which subsection it believed was applicable. Accordingly, even though the trial court incorporated KPL's arguments into its findings of fact and conclusions of law, the trial court's written order and oral statements are insufficient to comply with Supreme Court Rule 165 (2001 Kan. Ct. R. Annot. 200) and K.S.A. 2001 Supp. 60-252.

Although the trial court failed to state the applicable statute of limitations, negligence actions alleging damages are governed by K.S.A. 2001 Supp. 60-513(a)(4), which requires that such actions be brought within 2 years. See *Olson v. State Highway Commission*, 235 Kan. 20, Syl. ¶ 2, 679 P.2d 167 (1984). As a result, the 2-year statute of limitations governs UKMC's action, provided the exception found at K.S.A. 60-521(1) is inapplicable.

K.S.A. 60-521 provides as follows:

"As to any cause of action accruing to the state, any political subdivision, or any other public body, which cause of action arises out of any proprietary function or activity, the limitations prescribed in this article shall apply to actions brought in the name or for the benefit of such public body in the same manner as to actions by private parties, except in (1) actions for the recovery of real property or any interest therein . . . ."

A plain reading of K.S.A. 60-521 indicates that the statute applies to certain actions accruing to and brought by the State or any public body. The statute also extends to certain actions accruing to the State or any public body but brought by another entity for the benefit of such public body. Here, the cause of action was brought by UKMC. UKMC admits that it is a nonprofit corporation, but claims that its suit was brought for the benefit of a public body since the University will ultimately own the Building and the chiller. However, even if UKMC's suit benefits the University,

K.S.A. 60-521 is inapplicable unless the cause of action accrued to the University.

"Accrual of a cause of action means the right to institute and maintain an action for enforcement. [Citation omitted.]" *Resolution Trust Corp. v. Fleischer*, 257 Kan. 360, 367, 892 P.2d 497 (1995). "In order to support an action, the interest of a party plaintiff must be a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest." 59 Am. Jur. 2d, Parties § 37. "If an injury is done to either real or personal property, the right of action is in the present owner alone, and not in any subsequent purchaser or successor in the title." 59 Am. Jur. 2d, Parties § 39 (citing *Secretary of State of Md. v. J.H. Munson Co.*, 467 U.S. 947, 81 L. Ed. 2d 786, 104 S. Ct. 2839 [1984]). Accordingly, the cause of action for damages to the chiller would have accrued to the University if it had a present, substantial interest in the chiller.

UKMC's petition stated that the chiller was owned by UKMC. At the hearing on the motion to dismiss, however, UKMC moved to amend its petition to allege that the chiller was owned by the University. The trial court did not rule on UKMC's motion to amend the petition. If the University had owned the chiller, then this cause of action for damages sustained to the chiller would have accrued to the University. Furthermore, if UKMC had brought this action on behalf of the University as owner of the chiller, then the exception to the statute of limitations found at K.S.A. 60-521 may have applied. Although the trial court had broad discretion in permitting amendment of pleadings, the court erred in failing to rule on UKMC's motion to amend the pleading. See generally K.S.A. 2001 Supp. 60-215; *Williams v. Amoco Production Co.*, 241 Kan. 102, 109, 734 P.2d 1113 (1987).

Nevertheless, the issue is moot because UKMC concedes on appeal that it owns the chiller and that the University will not own the chiller until the costs of construction are paid. Because UKMC admitted that the University does not own the chiller, the cause of action for damages to the chiller could not have accrued to the University and, as a result, K.S.A. 60-521 is inapplicable to the facts of this case.

Because the University did not have a present, substantial interest in the chiller, the cause of action for damages to the chiller did not accrue to the University. As a result, immunity from the statute of limitations found at K.S.A. 60-521 did not extend to UKMC in its suit for damages to the chiller. This finding makes it unnecessary to address whether the real property exception found at K.S.A. 60-521(1) was applicable to a cause of action for damages to a fixture.

Although the trial court determined that because UKMC's claims arose out of a proprietary function the 2-year statute of limitations was applicable to its claims, we need not address UKMC's current argument that maintenance of the chiller was a governmental function rather than a proprietary function. Immunity from the statute of limitations only extends to the State and its public bodies. See *State Highway Commission v. Steele,* 215 Kan. 837, 838-39, 528 P.2d 1242 (1974). Consequently, even if maintenance of a chiller at a student union building constituted a government function, UKMC was not entitled to immunity from the statute of limitations because it was not a public body. As a result, we find that the trial court did not err in finding that UKMC's suit was subject to the 2-year statute of limitations. Because UKMC's action was not brought within 2 years of the date of damages, its action was time barred.

Affirmed.