(89 P.3d 657)

No. 90,853

SHAWN P. McCORMICK, *Appellant*, v. CITY OF LAWRENCE, KANSAS, *et al.*, *Appellees*.

Opinion filed May 14, 2004.

*Theodore J. Lickteig*, of Overland Park, for the appellant.

*Gerald L. Cooley* and *Randall F. Larkin*, of Gilliland & Hayes, P.A., of Lawrence, for the appellees.

Before Marquardt, P.J., Pierron and GREEN, JJ.

PIERRON, J.: Shawn P. McCormick filed suit against the City of Lawrence and various police officers, claiming they had violated his rights by subjecting him to both an improper strip search and an unauthorized body cavity search. McCormick appeals the trial court's denial of his petition on grounds that the action was commenced after the applicable statute of limitations had expired.

Due to the procedural history, the record in this case is quite sparse. The only account we have of the underlying facts comes from McCormick's initial petition. According to McCormick, police officers "converged" on him on June 9, 1999, with a search warrant for his residence. McCormick was placed in the back of a patrol car, but was subsequently removed due to a "disturbance." McCormick alleges he was pushed to the ground and kicked by several officers.

McCormick claimed that the officers ordered him to remove his clothing and lie on the ground in a body bag. McCormick alleged that an officer used a portable vacuum to "vacuum, touch and probe" his genitals and buttocks. The officers allegedly told McCormick that he should get used to that type of treatment because it would occur frequently in prison.

McCormick filed a K.S.A. 12-105b(d) letter on June 4, 2002, which was denied by the City on September 23, 2002. On September 24, 2002, McCormick filed the petition which is the subject of this appeal. In the petition, McCormick brought claims of an improper strip search and an unauthorized body cavity search. McCormick also claimed damages from a civil conspiracy.

The City of Lawrence and the named police officers (City) responded by filing a motion to dismiss. The City claimed that McCormick's petition failed to state a claim upon which relief could be granted. Specifically, the City argued that McCormick's petition was filed outside the relevant statute of limitations. The motion was never set for a hearing. In May 2003, the trial court decided the matter from the pleadings and ruled that McCormick's petition was not timely filed and, thus, was barred by the applicable statute of limitations. McCormick timely appeals the trial court's decision. We affirm.

McCormick presents this court with a detailed argument concerning the applicable statute of limitations. However, his claim may be distilled into one argument—K.S.A. 22-2523(a)(1)-(3), which by its terms incorporates K.S.A. 22-2521 and 22-2522, creates liabilities other than a penalty or forfeiture, meaning claims based on 22-2523 come under the auspices of K.S.A. 60-512(2) and grant a 3-year limitations period.

The standard of review for a motion to dismiss under K.S.A. 60-212(b)(6) requires us to determine whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid claim for relief. *University of Kansas Mem. Corp. v. Kansas Power & Light Co.*, 31 Kan. App. 2d 177, 179, 61 P.3d 741 (2003). Further, when the issue before us requires interpretation of a statute, we are faced with a question of law, and an appellate court's review of a question of law is unlimited. In this case, review of the trial court's ruling requires us to interpret the meaning and potential applicability of statutes of limitation. See *Stark v. Mercantile Bank N.A.*, 29 Kan. App. 2d 717, 721, 33 P.3d 609 (2001).

Under K.S.A. 2003 Supp. 60-513, an action in tort would usually have a limitations period of 2 years, or 1 year if it is an action described in K.S.A. 60-514.

K.S.A. 22-2523 reads, in relevant part:

"(a) If liability is established in any civil action brought under the Kansas tort claims act for violation of subsections (a) or (b) of K.S.A. 22-2521, or K.S.A. 22-2522, the plaintiff shall be entitled to an amount equal to the sum of the following:
    (1) Actual damages sustained by the plaintiff;
    (2) punitive damages, if the violation was willful, wanton or malicious;
    (3) the costs of the action, at the discretion of the court."

K.S.A. 22-2521 addresses procedures to be followed in police strip searches. K.S.A. 22-2522 covers the procedure to be used when executing a body cavity search.

K.S.A. 60-512 reads, in relevant part: "The following actions shall be brought within three (3) years: . . . (2) An action upon a liability created by a statute other than a penalty or forfeiture."

The question we have before us is whether damages incurred due to violations of K.S.A. 22-2521 and K.S.A. 22-2522 fall under K.S.A. 60-512(2).

A liability is "created by statute" for purposes of K.S.A. 60-512(2) where liability for resultant damages would not arise but for the statute. A statute that merely provides a procedure for obtaining relief does not trigger K.S.A. 60-512(2); it must provide a new substantive right that does not otherwise exist at common law. *Wright v. Kansas Water Office*, 255 Kan. 990, 997, 881 P.2d 567 (1994).

A statute creates no liability, as regards the applicability of K.S.A. 60-512(2), unless it discloses an intention, express or implied, that from disregard of the statutory command a liability for resultant damages shall arise *which would not exist except for the statute.* Clearly, an action is not based upon a liability created by statute if the right is one which exists at common law in the absence of statute. *Pecenka v. Alquest*, 6 Kan. App. 2d 26, 28, 626 P.2d 802, *rev. denied* 229 Kan. 670 (1981).

For example, the obligation to afford women equal opportunity in employment did not exist at common law. That obligation was imposed by the passage of the Kansas Act Against Discrimination. See *Wagher v. Guy's Foods, Inc.*, 256 Kan. 300, 305, 885 P.2d 1197 (1994). Consequently, there is a liability created by statute, and K.S.A. 60-512(2) applies to cases where a woman claims she

has been discriminated against at her place of employment. 256 Kan. at 308.

In general, strip searches are discussed within the framework of the common law under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. See *Rankin v. Colman*, 476 So. 2d 234, 236 (Fla. Dist. App. 1985). The Fourth Amendment constrains State search intrusions made in an improper manner. This includes procedures employed by the authorities to conduct a search involving intrusion into the body. 68 Am. Jur. 2d, Searches and Seizures § 250, p. 817. We believe it cannot be debated that the Fourth Amendment concept of protection against unreasonable search and seizure is implicitly ingrained in our common-law system of justice.

The Fourth Amendment, which codifies deeply held common-law notions of privacy, already grants substantive rights protecting against government intrusion in the form of inappropriate searches. The Kansas Tort Claims Act has made these rights actionable. Therefore, there is no new liability created by K.S.A. 22-2523. Given that fact, K.S.A. 60-512(2) and its 3-year statute of limitations would not apply to McCormick's situation. The action would have a 1- or 2-year limitation period. Accordingly, the trial court did not err by granting the City's motion to dismiss.

Affirmed.