No. 90,853

SHAWN P. McCORMICK, *Appellant,* v. CITY OF LAWRENCE, KANSAS, *et al., Appellees.*

(104 P.3d 991)

Opinion filed January 21, 2005.

*Theodore J. Lickteig,* of Law Offices of Theodore J. Lickteig, of Overland Park, argued the cause and was on the briefs for appellant.

*Gerald L. Cooley,* of Gilliland & Hayes, P.A., of Lawrence, argued the cause, and *Randall F. Larkin,* of the same firm, was with him on the briefs for appellees. The opinion was delivered by

LUCKERT, J.: Shawn P. McCormick sued the City of Lawrence (City) and various police officers for violating the strip and body cavity search statutes, K.S.A. 22-2521 and K.S.A. 22-2522, which are made actionable by K.S.A. 22-2523. The district court dismissed McCormick's lawsuit, ruling that it was not filed within the applicable statute of limitations. The district court found that McCormick's cause of action was a general tort covered by the 2-year statute of limitations set forth in K.S.A. 2003 Supp. 60-513, not an action based upon a liability created by a statute covered by the 3-year statute of limitations set forth in K.S.A. 60-512(2). The Court of Appeals affirmed, holding that either the 1-year statute of limitations in K.S.A. 60-514 or the 2-year statute of limitations in K.S.A. 2003 Supp. 60-513 applied but not the 3-year statute of limitations in K.S.A. 60-512(2). *McCormick v. City of Lawrence,* 32 Kan. App. 2d 817, 818, 820, 89 P.3d 657 (2004).

This court granted McCormick's petition for review. The sole issue before us is whether the 3-year statute of limitations found in K.S.A. 60-512(2) applies to actions brought under K.S.A. 22-

2523, which by its terms incorporates K.S.A. 22-2521 and K.S.A. 22-2522. We conclude that the 3-year limitation period of K.S.A. 60-512(2) does apply, and we therefore reverse the Court of Appeals and the district court.

The issue of whether the statute of limitations barred the action arose at the district court level on a motion to dismiss filed by the City and the individual police officers who were named as defendants. The parties agree that if a 3-year statute of limitations applies, McCormick's petition was timely, but if a 2-year or 1-year statute of limitations applies, his petition was untimely. McCormick, in his petition, alleges that the events which gave rise to this lawsuit occurred on June 9, 1999. On June 4, 2002, McCormick filed a K.S.A. 12-105b(d) letter stating his claim that Lawrence police officers illegally subjected McCormick to a strip and body cavity search. McCormick's claim was denied by the City on September 23, 2002. On September 24, 2002, McCormick filed the petition which is the subject of this appeal.

The Court of Appeals applied the correct standard of review for an order granting a motion to dismiss based upon a determination that the action was barred by the applicable statute of limitations:

"The standard of review for a motion to dismiss under K.S.A. 60-212(b)(6) requires us to determine whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid claim for relief. *University of Kansas Mem. Corp. v. Kansas Power & Light Co.*, 31 Kan. App. 2d 177, 179, 61 P.3d 741 (2003). Further, when the issue before us requires interpretation of a statute, we are faced with a question of law, and an appellate court's review of a question of law is unlimited. In this case, review of the trial court's ruling requires us to interpret the meaning and potential applicability of statutes of limitation. See *Stark v. Mercantile Bank N.A.*, 29 Kan. App. 2d 717, 721, 33 P.3d 609 (2001)." *McCormick*, 32 Kan. App. 2d at 818.

In particular, our review of the district court's ruling requires us to interpret the meaning and potential applicability of the limitation period of K.S.A. 60-512(2), which establishes a 3-year time limit for "[a]n action upon a liability created by a statute other than a penalty or forfeiture." The 3-year statute of limitations "applies when a statute creates a new, substantive right not recognized at common law, but not when a statute merely affords relief for cer-

tain violations of existing common-law rights." *Kelly v. Primeline Advisory, Inc.*, 256 Kan. 978, 983, 889 P.2d 130 (1995). Stated another way, K.S.A. 60-512(2) applies when a statute creates a liability where liability would not exist but for the statute. If the statute merely provides a procedure for obtaining relief, it does not trigger K.S.A. 60-512(2). *Wright v. Kansas Water Office*, 255 Kan. 990, 997, 881 P.2d 567 (1994).

The district court applied these principles and concluded that K.S.A. 22-2523 was remedial and not substantive and did "not establish any elements not found in a common law action for breach of privacy." Therefore, the district court concluded, the action was based upon a right existing at common law and did not implicate the 3-year statute of limitations which applies to "a liability created by statute other than a penalty or forfeiture" under K.S.A. 60-512(2). Instead the district court applied the 2-year limitations period of K.S.A. 60-513(a)(4) which applies to actions "for injury to the rights of another, not arising on contract, and not herein enumerated."

The Court of Appeals also concluded that the 3-year statute of limitations did not apply; however, it did so on the basis that McCormick's claim fell within the Fourth Amendment prohibition against unreasonable searches and seizures. The court stated:

"In general, strip searches are discussed within the framework of the common law under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. See *Rankin v. Colman*, 476 So. 2d 234, 236 (Fla. Dist. App. 1985). The Fourth Amendment constrains State search intrusions made in an improper manner. This includes procedures employed by the authorities to conduct a search involving intrusion into the body. 68 Am. Jur. 2d, Searches and Seizures § 250, p. 817. We believe it cannot be debated that the Fourth Amendment concept of protection against unreasonable search and seizure is implicitly ingrained in our common-law system of justice.

"The Fourth Amendment, which codifies deeply held common-law notions of privacy, already grants substantive rights protecting against government intrusion in the form of inappropriate searches. The Kansas Tort Claims Act has made these rights actionable. Therefore, there is no new liability created by K.S.A. 22-2523. Given that fact, K.S.A. 60-512(2) and its 3-year statute of limitations would not apply to McCormick's situation. The action would have a 1-or 2-year limitation period." *McCormick*, 32 Kan. App. 2d at 820.

In his petition for review, McCormick emphasizes that his claims are not based upon breach of privacy or the Fourth Amendment but are based solely upon violations of K.S.A. 22-2521 and K.S.A. 22-2522. McCormick argues the district court and Court of Appeals erred in ignoring the specific elements stated in an action brought under these statutes, elements which are not required in a breach of privacy or other action at common law or by 42 U.S.C. § 1983 (2000).

In analyzing this argument, we must view McCormick's allegations in a light most favorable to him. Our inquiry necessarily starts with a consideration of the nature of those allegations. In Count I of his petition, McCormick alleges that various Lawrence police officers pulled McCormick out of a car and conducted a "strip search," as that phrase is defined in K.S.A. 22-2520(a). McCormick further alleges that the strip search violated K.S.A. 22-2521(b).

K.S.A. 22-2521 provides:

"(a) No person detained or arrested solely for the violation of a statute, resolution or ordinance involving a traffic, regulatory or nonviolent misdemeanor offense shall be strip searched unless there is probable cause to believe that the individual is concealing a weapon or controlled substance.

"(b) Every strip search conducted by law enforcement officers or employees of a law enforcement agency or department shall be conducted by persons of the same sex as the person being searched and shall be conducted so that the search cannot be observed by any person other than the persons conducting the search, unless the right to privacy is waived by the person being searched.

"(c) Every law enforcement officer or employee of a law enforcement agency or department conducting a strip search shall prepare a report of the strip search. The report shall include:

(1) The name and sex of the person searched;

(2) the name and sex of the persons conducting the search;

(3) the time, date and place of the search; and

(4) a statement of the results of the search."

Specifically, McCormick alleges the strip search "was conducted so that it could be and was observed by others besides the person who conducted the search." McCormick also alleges that the officers did not prepare a report of the strip search.

In Count II of his petition, McCormick alleges the search included a "body cavity search" as defined in K.S.A. 22-2520(b) and that this search violated K.S.A. 22-2522. That statute provides:

"(a) A body cavity search shall be conducted only under the authority of a search warrant specifically authorizing a body cavity search.

"(b) Every body cavity search shall be conducted by a licensed physician or registered nurse. No person authorized by this subsection to conduct a body cavity search or any person assisting in the performance of such search shall be liable in any civil or criminal action when such search is performed in a reasonable manner according to generally accepted medical practices in the community where performed.

"(c) Law enforcement officers may be present during the search, but only those of the same sex as the person on whom a body cavity search is being conducted." K.S.A. 22-2522.

According to McCormick's allegations, this provision was violated because there was no warrant specifically authorizing a body cavity search and the search was not conducted by a licensed physician or registered nurse. In Count III of the petition, McCormick also claims damages because of a civil conspiracy to violate his statutory rights.

McCormick alleges that the court has jurisdiction of his claims under K.S.A. 22-2523 which provides in part:

"(a) If liability is established in any civil action brought under the Kansas tort claims act for violation of subsections (a) or (b) of K.S.A. 22-2521, or K.S.A. 22-2522, the plaintiff shall be entitled to an amount equal to the sum of the following:

(1) Actual damages sustained by the plaintiff;

(2) punitive damages, if the violation was willful, wanton or malicious;

(3) the costs of the action, at the discretion of the court; and

(4) a civil penalty in an amount set by the court of not more than $2,000 for each violation."

McCormick seeks actual damages and costs but does not seek either punitive damages or a civil penalty.

Emphasizing the specific allegations he made and the language of these statutes, McCormick contends that a cause of action under K.S.A. 22-2521, K.S.A. 22-2522, and K.S.A. 22-2523 is a unique cause of action in the universe of possible causes of action for police misconduct. While he concedes that the alleged police misconduct in his case might give rise to a number of causes of action under state law or pursuant to 42 U.S.C. § 1983, he argues his statutory cause of action is different. He points out that the statutes at issue do not define the limits of civil liability for unreasonable searches

and seizures under the Fourth Amendment; rather, they define the manner in which strip searches and body cavity searches must be conducted and create a cause of action when the procedures set out therein are not followed.

The City counters that not every statute which describes a liability creates a cause of action, citing *Kirtland v. Tri-State Ins. Co.*, 220 Kan. 631, 556 P.2d 199 (1976) (holding that K.S.A. 66-1,128, which permits a plaintiff to bring suit against a motor carrier's insurer, is remedial rather than substantive), and *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 227 Kan. 533, 608 P.2d 923 (1980) (K.S.A. 40-3113 provides for recoupment by the insurer of personal injury protection benefits paid to its insured from the tortfeasor and tortfeasor's insurer through subrogation; statute was not meant to create new statutory cause of action). However, in those cases, the statutes at issue did not set out the damages recoverable for specific violations as does K.S.A. 22-2523.

K.S.A. 22-2523, which incorporates K.S.A. 22-2521 and K.S.A. 22-2522, is substantive and provides a cause of action when a search is conducted in violation of these statutes. Because there are unique elements for an action brought for violation of these statutes, McCormick argues that the fact there are other theories of recovery recognized at common law does not mean the 3-year limitation period does not apply. Support for McCormick's argument can be found in *Kelly v. Primeline Advisory, Inc.*, 256 Kan. 978, 983, 889 P.2d 130 (1995), and *Haag v. Dry Basement, Inc.*, 11 Kan. App. 2d 649, 732 P.2d 392, *rev. denied* 241 Kan. 838 (1987).

*Kelly* held that because fraud-based actions under the Kansas Securities Act are different from common-law actions for fraud, the Act creates liability and the 3-year statute of limitations applies. 256 Kan. at 983.

*Haag* involved a claim under the Kansas Consumer Protection Act (KCPA). The defendant argued that because an action under the KCPA is an action based on fraud, the 2-year statute of limitations contained in K.S.A. 60-513(a)(3) barred the plaintiff's action. The Court of Appeals disagreed:

"[A] plaintiff pursuing a cause of action under the KCPA may establish a supplier's liability without proof that the supplier intended to injure the consumer. This difference clearly distinguishes the KCPA action from the common-law fraud action. A violation of the KCPA is not the same as a common-law action for fraud such as is contemplated by the provisions of K.S.A. 60-513[(a)](3)." *Haag*, 11 Kan. App. 2d at 651.

The defendant in *Haag* also argued that the 1-year statute of limitations for an "action upon a statutory penalty or forfeiture" contained in K.S.A. 60-514(3) (Ensley 1983) barred the plaintiff's claim because a claim under the KCPA might give rise to a statutory penalty. Again, the Court of Appeals disagreed finding that " '[t]he nature of plaintiff's action was to recover upon a liability created by statute and *not* upon a statutory penalty.' " 11 Kan. App. 2d at 651. See also *Alexander v. Certified Master Builders Corp.*, 268 Kan. 812, 819-24, 1 P.3d 899 (2000) (further clarifying the issue of whether different statutes of limitation should apply depending upon whether an action under the KCPA seeks damages or a statutory penalty; holding that where the plaintiff sought both civil penalties and actual damages, the action was subject to the 3-year limitations period).

Finally, the *Haag* court noted that " 'where there is doubt as to which statute of limitations should apply, the longer statute should be chosen.' [Citation omitted.]" 11 Kan. App. 2d at 652. The court concluded that because an action under the KCPA is an action upon a liability created by statute, the applicable statute of limitations was the 3-year period provided by K.S.A. 60-512(2). 11 Kan. App. 2d at 652.

Thus, in both *Kelly* and *Haag* common-law causes of action existed, but the statutes created liability and in each case the elements were different from the common-law action. Relying on these cases and noting the unique requirements of K.S.A. 22-2520 *et seq.*, McCormick argues that the Court of Appeals erred in relying on a Fourth Amendment analysis to find that his cause of action already existed at common law and was not created by statute.

The City concedes there are differences between the statutes and the Fourth Amendment requirements but argues such differ-

ences are irrelevant. Essentially, the City's argument is that the appropriate test to be applied is whether McCormick would have had *any* cause of action at common law regardless of whether it is a different cause of action, while McCormick argues the appropriate test is whether he would have had the *same* cause of action at common law as he does under K.S.A. 22-2523.

The City's argument is erroneous. As discussed above, *Kelly* held that a fraud-based cause of action under the Kansas Securities Act was not the same as a common-law fraud action; therefore, the Act created liability and the 3-year statute of limitations applied. 256 Kan. at 983. *Haag* held that a claim under the Kansas Consumer Protection Act was different from a common-law fraud claim because the element of intent to defraud was not necessary to establish a violation of KCPA; therefore, the KCPA created the cause of action and the 3-year statute of limitations applied. 11 Kan. App. 2d at 650-51. Under *Kelly* and *Haag*, the applicable test is whether a plaintiff would have had the *same* cause of action at common law, not *any* cause of action.

Are there differences, then, as McCormick suggests, between a cause of action pursuant to K.S.A. 22-2523 and other possible causes of action which McCormick might pursue based upon the facts he alleges? Beginning with claims based upon a violation of McCormick's constitutional rights, McCormick could have brought an action pursuant to 42 U.S.C. § 1983. To state a valid claim pursuant to 42 U.S.C. § 1983, McCormick would be required to allege two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law and (2) that this conduct deprived him of rights, privileges, or immunities secured by the Constitution or federal law. *Purvis v. Williams*, 276 Kan. 182, 198, 73 P.3d 740 (2003).

Clearly, there is a difference between a § 1983 claim that police violated a plaintiff's Fourth Amendment right by conducting an unreasonable strip search or body cavity search and a claim that police violated K.S.A. 22-2521 or K.S.A. 22-2522 by failing to follow the procedures set out in those statutes when conducting a strip search or body cavity search. First, a strip search or body cavity search could violate K.S.A. 22-2521 or K.S.A. 22-2522 with-

out being unreasonable under the Fourth Amendment. See *Agustonelli v. Springer*, 2004 WL 825300 (unpublished opinion) (D. Kan. 2004); *Allen v. Board of Com'rs of the County of Wyandotte*, 773 F. Supp. 1442 (D. Kan. 1991). In *Agustonelli* and *Allen*, plaintiffs filed claims under 42 U.S.C. § 1983 claiming that police had violated their Fourth Amendment rights to be free of unreasonable searches and seizures by subjecting them to strip searches in violation of K.S.A. 22-2521. In each case, the district court ruled the plaintiff's reliance on the state statute was misplaced because § 1983 does not provide redress for violations of state law, only for violations of federal law done under color of state law. Thus, the only issue in each case was whether the strip search had violated the plaintiff's Fourth Amendment rights. See 2004 WL 825300, *6; 773 F. Supp. at 1447.

"[The] determination of the constitutionality of a strip search 'requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, *the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'* Bell v. Wolfish, 441 U.S. 520, 559, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979) (emphasis added)." *Farmer v. Perrill*, 288 F.3d 1254, 1259-1260 (10th Cir. 2002).

Thus, there are differences between an action brought for violations of K.S.A. 22-2521 and K.S.A. 22-2522 and an action brought pursuant to 42 U.S.C. § 1983.

According to the City, even if the Court of Appeals erred in comparing McCormick's cause of action to a Fourth Amendment claim, the court reached the correct conclusion because an injured party has always had the common-law right to bring a state law claim for damages caused by law enforcement officers. See *Monroe v. Darr*, 221 Kan. 281, 559 P.2d 322 (1977) (breach of privacy action for unlawful search of residence); *Busalt v. Doidge*, 91 Kan. 37, 136 Pac. 904 (1913) (action for assault against arresting officer). The district court compared the elements required to state a cause of action for a violation of the statutes in question with the elements required to state a cause of action for breach of privacy. The court noted that in *Monroe v. Darr*, 221 Kan. 281, this court had upheld the right of a plaintiff to bring a cause of action for breach of privacy

where police had searched the plaintiff's residence without a warrant. The court also cited *Kedra v. City of Philadelphia,* 454 F. Supp. 652 (E.D. Pa. 1978), which held that an illegal search is most analogous to the tort of intrusion upon a person's seclusion. The district court reasoned that if a breach of privacy action can be brought for an unreasonable search of a person's property, such an action could also be brought for an unreasonable search of the person himself or herself.

The district court concluded that K.S.A. 22-2523 does not establish any elements not found in a common-law action for breach of privacy. Breach of privacy includes an unreasonable intrusion upon the seclusion of another, which is described as follows:

" 'One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable man.' " *Dotson v. McLaughlin,* 216 Kan. 201, 207, 531 P.2d 1 (1975) (quoting Restatement [Second] of Torts § 652).

The district court found the only difference between a cause of action for breach of privacy and a cause of action under K.S.A. 22-2523 was that the statute imposes a civil penalty in addition to damages. Accordingly, the district court held that McCormick's cause of action existed prior to the enactment of the statutes at issue; thus, the 2-year statute of limitations for general tort actions applied and barred his action. However, as McCormick notes, the statutory cause of action may be stated for violations of the statutory requirements such as conducting a strip search so that it can be observed by persons not involved in the search or not having a body cavity search performed by a licensed health care provider. These violations are among those claimed by McCormick.

Thus, although one can imagine several common-law tort claims which might be brought based upon the facts alleged in this case— assault, battery, outrageous conduct causing severe emotional distress, and breach of privacy—those torts involve different elements than what must be shown to establish a violation of the strip search and body cavity search statutes. K.S.A. 22-2521 and K.S.A. 22-2522 create substantive rights not recognized at common law. Consequently, we hold that an action brought for damages under K.S.A.

22-2523, which incorporates K.S.A. 22-2521 and K.S.A. 22-2522, is subject to the 3-year period of limitations of K.S.A. 60-512(2).

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and remanded.

GERNON, J., not participating.

LARSON, S.J., assigned.