(190 P.3d 989)

No. 98,199

FARM BUREAU MUTUAL INSURANCE COMPANY, *Appellant,* v. PROGRESSIVE DIRECT INSURANCE COMPANY, f/k/a PROGRESSIVE HALCYON INSURANCE COMPANY, *Appellee.*

Opinion filed August 22, 2008.

*Gerald L. Green* and *Bradley D. Dillon,* of Gilliland & Hayes, P.A., of Hutchinson, for appellant.

*Daniel N. Allmayer,* of Allmayer & Associates, P.C., of Overland Park, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

STANDRIDGE, J.: This case involves the timeliness of an insurance subrogation claim. Farm Bureau Mutual Insurance Company (Farm Bureau) appeals from the district court's decision to dismiss the case for failure to state a claim on grounds that the statute of limitations on the claim had expired. In dismissing the case, the district court held that Farm Bureau's only potential claim for subrogation was grounded in tort, and Farm Bureau failed to assert its right of subrogation for this tort claim in a timely fashion. We affirm the district court's decision.

*Factual and Procedural Background*

On July 13, 2003, Joseph Binkley injured Sabrina Henry in a car accident. Binkley was insured by Progressive Direct Insurance Company (Progressive). Farm Bureau provided underinsured motorist (UIM) coverage to Henry.

Henry asserted a tort claim against Binkley to recover for her injuries. Progressive subsequently offered to pay Henry its policy limits of $25,000 to settle the claim. As required by K.S.A. 40-284(f), Henry notified Farm Bureau of the offer. Given the possibility of an underinsured claim by Henry against Farm Bureau for damages exceeding $25,000, Farm Bureau elected to substitute its payment for Progressive's offer. Pursuant to K.S.A. 40-284(f), Farm Bureau then became subrogated to Henry's right of recovery against Binkley.

On or about December 7, 2005, Farm Bureau requested that Progressive reimburse Farm Bureau for the $25,000 it had paid to Henry. In support of this request, Farm Bureau cited its right of subrogation to enforce the $25,000 settlement offer Progressive originally had extended to Henry. Progressive denied Farm Bureau's request. More specifically, Progressive claimed that Henry, and thus Farm Bureau as the entity standing in Henry's shoes, no longer had a right to enforce the settlement offer because the statute of limitations on the underlying tort claim against Binkley expired on July 13, 2005.

Farm Bureau sued Progressive, asserting subrogation rights grounded in statute, contract, and equity. Progressive filed a motion to dismiss or, in the alternative, a motion for judgment on the pleadings, countering that Farm Bureau's subrogation rights were limited to any cause of action in tort that Henry may have had by virtue of the accident, and that such a tort action was time-barred. Progressive also asserted that Progressive was not a proper party in the suit because Farm Bureau's subrogation rights limited Farm Bureau to a cause of action against the tortfeasor Binkley. In response, Farm Bureau filed its own motion for summary judgment. The district court ultimately ruled in favor of Progressive and dismissed the action. Farm Bureau appealed.

*Standard of Review*

"Upon appellate review of a district court's order granting a motion to dismiss for failure to state a claim, an appellate court is required to assume that the facts alleged by the plaintiffs are true, along with any inferences reasonably to be drawn therefrom. The court must also decide whether those facts and inferences state a claim on the theories presented by the plaintiffs and also on any other possible

theory." *McCormick v. Board of Shawnee County Comm'rs*, 272 Kan. 627, Syl. ¶ 1, 35 P.3d 815 (2001), *cert. denied* 537 U.S. 841 (2002).

Here, there is no factual dispute between the parties, which leaves this court a question of law upon which our review is unlimited. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991). Furthermore, construction of a written contract and statutory interpretation are questions of law over which an appellate court exercises unlimited review. *Elliott v. Farm Bureau Ins. Co., Inc.*, 26 Kan. App. 2d 790, 793, 995 P.2d 885 (1999), *rev. denied* 269 Kan. 932 (2000).

*Issues Presented*

Farm Bureau concedes its K.S.A. 40-284 tort subrogation action against Binkley and Progressive is time-barred. As it did with the district court below, however, Farm Bureau argues on appeal that the following three alterative subrogation claims against Progressive—none of which are based in tort—remain viable:

(1) the statutory right under K.S.A. 40-284 to pursue a subrogation action against Progressive to enforce the settlement offer made to Henry (3-year statute of limitations);

(2) a common-law right to pursue a contract subrogation action against Progressive to enforce the settlement offer (5-year statute of limitations);

(3) a common-law right to pursue an equitable subrogation action against Progressive to properly allocate the loss resulting from Binkley's negligence (at least a 3-year statute of limitations).

We will address the issues by Farm Bureau in the order they were raised.

*Subrogation Right under K.S.A. 40-284 to Enforce Progressive's Settlement Offer*

Farm Bureau argues the district court erred in rejecting its claim that Farm Bureau had a statutory right under K.S.A. 40-284 to pursue a subrogation action against Progressive to enforce the settlement offer made to Henry. According to Farm Bureau, this stat-

utory cause of action is grounded in contract, not tort, and thus is timely.

The general rule regarding the rights of a subrogated insurer was stated by our Supreme Court in *Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 227 Kan. 533, 539, 608 P.2d 923 (1980):

"The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. . . . [T]he insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter."

This general rule was codified in K.S.A. 40-284(f), which provides for a right of subrogation in the event that a UIM insurer substitutes its payment for a tentative agreement to settle for liability limits:

"An underinsured motorist coverage insurer shall have subrogation rights under the provisions of K.S.A. 40-287 and amendments thereto. If a tentative agreement to settle for liability limits has been reached with an underinsured tortfeasor, written notice must be given by certified mail to the underinsured motorist coverage insurer by its insured. . . . Within 60 days of receipt of this written notice, the underinsured motorist coverage insurer may substitute its payment to the insured for the tentative settlement amount. *The underinsured motorist coverage insurer is then subrogated to the insured's right of recovery to the extent of such payment and any settlement under the underinsured motorist coverage.* If the underinsured motorist coverage insurer fails to pay the insured the amount of the tentative tort settlement within 60 days, the underinsured motorist coverage insurer has no right of subrogation for any amount paid under the underinsured motorist coverage." (Emphasis added.)

As noted in K.S.A. 40-284(f), the specific subrogation rights to which a UIM insurer is entitled are set forth within K.S.A. 40-287:

"The policy or endorsement affording the coverage specified in K.S.A. 40-284 [uninsured and underinsured motorist coverage] may further provide that payment to any person of sums as damages under such coverage shall operate to subrogate the insurer to any cause of action in tort which such person may have against any other person or organization legally responsible for the bodily injury or death because of which such payment is made, and the insurer shall be subrogated, to the extent of such payment, to the proceeds of any settlement or judgment that may thereafter result from the exercise of any rights of recovery of such person against any person or organization legally responsible for said bodily

injury or death for which payment is made by the insurer. Such insurer may enforce such rights in its own name or in the name of the person to whom payment has been made, as their interest may appear, by proper action in any court of competent jurisdiction."

Farm Bureau contends the language set forth in K.S.A. 40-287 confers upon it a statutory right to enforce Progressive's $25,000 settlement offer. Because the right to enforce the offer is grounded in statute, Farm Bureau further contends the statute of limitations is 3 years.

K.S.A. 60-512(2) establishes a 3-year time limit for "[a]n action upon a liability created by a statute other than a penalty or forfeiture." This time limitation applies when a statute creates a liability where liability would not exist but for the statute. If the statute merely provides a procedure for obtaining relief, however, K.S.A. 60-512(2) is not triggered. *McCormick v. City of Lawrence*, 278 Kan. 797, 799, 104 P.3d 991 (2005).

Beyond a right of subrogation to a cause of action in tort, which Farm Bureau concedes is time-barred, the only other right to which Farm Bureau could be subrogated under K.S.A. 40-287 is "to the proceeds of any settlement or judgment that may thereafter result from the exercise of any rights of recovery of [the insured] against any person or organization legally responsible for said bodily injury or death for which payment is made by the insurer."

We find K.S.A. 40-287 was not meant to create a new statutory cause of action. Rather, we find the statute merely provides a procedure whereby Farm Bureau can obtain reimbursement for its payment. See *Farmers Ins. Co.*, 227 Kan. at 538 (holding K.S.A. 40-3113 intended to recognize the insurer's right of subrogation and to assist the insurer, through subrogation, to recover from the tortfeasor, and the tortfeasor's insurer did not create a statutory cause of action). Accordingly, K.S.A. 60-512(2) is inapplicable.

In addition to our finding that the 3-year time limit set forth in K.S.A. 60-512 is inapplicable to K.S.A. 40-287 under the facts presented here, we also find that K.S.A. 40-287 does not establish a statutory right for Farm Bureau to contractually enforce the $25,000 settlement offer. When read in context, we find use of the term *thereafter* in the K.S.A. 40-287 provision set forth above sim-

ply cannot be ignored. *Thereafter* clarifies that an insurer is only entitled to the proceeds of any settlement or judgment generated *after* the insurer makes the payment entitling it to subrogation. See K.S.A. 40-287. Here, the alleged settlement that Farm Bureau wants to enforce occurred *prior* to Farm Bureau's payment entitling it to subrogation pursuant to K.S.A. 40-284(f). Thus, we find K.S.A. 40-287 does not establish a statutory right for Farm Bureau to contractually enforce the $25,000 settlement offer.

*Common-Law Right of Subrogation to Enforce the Settlement Offer*

Farm Bureau also argues that it succeeded to Henry's common-law contractual right to enforce Progressive's $25,000 offer. In support of this claim, Farm Bureau maintains Henry would have been entitled to receive $25,000 under the tentative settlement agreement if Farm Bureau had not substituted its payment to Henry for the tentative settlement amount. Upon being subrogated to Henry's rights, Farm Bureau reasons that it was then entitled to enforce Progressive's $25,000 offer. Farm Bureau argues that because it was entitled to enforce a contractual right of recovery against Progressive, the applicable statute of limitations is either 3 or 5 years. See K.S.A. 60-511(1) ("An action upon any agreement, contract or promise in writing" must be brought within 5 years.); K.S.A. 60-512(1) ("All actions upon contracts, obligations or liabilities expressed or implied but not in writing" must be brought within 3 years.). We disagree.

A settlement agreement is a type of contract and, therefore, is governed by contract law. See *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 324, 961 P.2d 1213 (1998). An unconditional and positive acceptance of a settlement offer is required to form a contract. *Nungesser v. Bryant*, 283 Kan. 550, 565, 153 P.3d 1277 (2007). Here, Henry could not fully accept Progressive's settlement offer until Farm Bureau was notified of the tentative agreement. See K.S.A. 40-284(f). Farm Bureau's substitution of its payment for the tentative settlement amount under K.S.A. 40-284(f) meant that Henry never accepted Progressive's offer. Thus, there was no contract for Farm Bureau to enforce upon subrogation.

Moreover, it is a basic rule of contract law that an offer which states no time limit for its acceptance lapses after the expiration of a reasonable time. See *Trounstine & Co. v. Sellers*, 35 Kan. 447, 453-55, 11 Pac. 441 (1886); 1 Williston on Contracts § 5:7 (4th ed. 2007). Here, Farm Bureau did not make demand on Progressive until December 2005, nearly 7 months after Farm Bureau substituted its payment for the settlement offer. Thus, even if it is assumed that Farm Bureau could have accepted Progressive's settlement offer after Farm Bureau substituted its payment, the offer lapsed before Farm Bureau indicated a timely acceptance. Consequently, Farm Bureau's subrogation did not entitle it to enforce any common-law contractual rights of recovery against Progressive.

*Equitable Right of Subrogation*

Finally, Farm Bureau maintains that it is entitled to enforce Progressive's settlement offer as a matter of equity. Specifically, Farm Bureau argues that "[s]imply by virtue of having satisfied Progressive's obligation, Farm Bureau . . . acquired an equitable right of subrogation to recover the amount properly payable by Progressive under its offer to Ms. Henry." Farm Bureau maintains that the statute of limitations applicable to equitable subrogation is either 3 or 5 years.

In *National City Mortgage Co. v. Ross*, 34 Kan. App. 2d 282, 117 P.3d 880, *rev. denied* 280 Kan. 984 (2005), the court cited *United States Fidelity & Guaranty Co. v. First State Bank*, 208 Kan. 738, 749, 494 P.2d 1149 (1972), for the proposition that

"[t]he doctrine of equitable, or legal, subrogation ' "is a creature of equity invented to prevent a failure of justice, and is broad enough to include an instance in which one party is required to pay what is, between them, the debt of another. . . . [It] is founded upon principles of natural justice." [Citations omitted.]' " 34 Kan. App. 2d at 288.

However, our Supreme Court has cautioned that "[u]nlike Zorro or the Scarlet Pimpernel, a court under the guise of exercising its equitable powers may not right what it perceives as a wrong or unfairness absent an adequate equitable basis therefor." *Rice v. Garrison*, 258 Kan. 142, 151, 898 P.2d 631 (1995). Accordingly, the doctrine of equitable subrogation will not be applied to relieve

a party "of a condition attributable to a failure to exercise ordinary care for his, her, or its own interests." *Bankers Trust Co. v. United States of America*, 29 Kan. App. 2d 215, 222, 25 P.3d 877 (2001); see also *Rex v. Warner*, 183 Kan. 763, 771-72, 332 P.2d 572 (1958) ("Equity aids the vigilant and not those who slumber on their rights. [Citation omitted.]").

Here, it appears that the real reason Farm Bureau wishes to invoke equity is because it failed to take advantage of the opportunity to bring a timely tort action against Binkley under K.S.A. 40-284(f) and K.S.A. 40-287. Henry's accident occurred July 13, 2003. Farm Bureau substituted its payment for the settlement amount on May 12, 2005. In light of the 2-year statute of limitations for torts, Farm Bureau had until July 13, 2005, to bring a timely action against Binkley. See K.S.A. 60-513(a)(4). Farm Bureau did not do so. Farm Bureau's failure in this regard precludes relief through equitable subrogation.

Based on the discussion above, we find Farm Bureau was subrogated to Henry's right to recover in a tort cause of action and nothing else. Accordingly, Farm Bureau's subrogation claim is barred by the statute of limitations, and we affirm the district court's dismissal.

Affirmed.